[No. 6,878.—Department One.]

RICHARD T. CARROLL v. CHARLES L. STORCK
ET AL.

Evidence — Hearsay — Books of Account.— The plaintiff, as a witness, having before him one of his books of account open at the account of the defendant, testified that he sold and delivered certain goods to defendant; but on cross-examination it appeared that he did not sell or deliver the goods in person; *held*—the testimony having been objected to as hearsay— that the witness manifestly only read from the book, or stated the substance of the account as it therein appeared; that, strictly, this was objectionable as a mode of proving the contents of the writing ; but that the account itself being in evidence, the error was immaterial.

Appeal from a judgment, and order denying a new trial, in the Twelfth District Court, City and County of San Francisco. Daingerfield, J.

The plaintiff had judgment, and the defendants moved for a new trial. The defendant Storck appealed.

*James L. Crittenden*, for Appellant.

The Court erred in denying defendant Storck's motions on the trial to strike out the testimony of plaintiff as to the sale and delivery of the wines, etc., to Storck.

The testimony of this witness as to the above matters was mere hearsay.

The witness swears " he did not personally deliver them or see them delivered."

*Thomas V. O'Brien,* for Respondent.

The testimony of the plaintiff is to be taken as a mere statement of the contents of the account-book, which was itself afterwards read to the jury.

The COURT: '

The plaintiff, as a witness, having before him one of his books of account at the page on which was entered an account against " Storck & Co.," testified that he sold and delivered the goods therein mentioned to defendant Storck, amounting to $686.99, on which there remained due a balance of 396.99. On cross-examination, it appeared expressly that the witness sold and delivered none of the goods in person. Whereupon defendant (appellant) moved to strike out all the testimony as to the sale and delivery of the goods " as mere hearsay." The witness did not pretend to allege that he sold and delivered the goods personally. The question put to him by his counsel was: " Will you be kind enough to look at that account there, and state—" The witness had gone upon the stand with " his books of account, and opened the same at defendant's account, showing charged to Charles L. Storck & Co. the bill of goods as hereinafter testified to." It is manifest that he read from the book, or, at most, gave the substance of the account as the same appeared in the book. Strictly, this was objectionable as a mode of proving the *contents of the writing,* but this precise objection was not taken when the motion to strike out was made. If the precise objection had been made, the error could not have injured defendant, since, as the case shows, the *very account* was read to the jury. If the statement of the account given by the witness while he had it spread out before him was incorrect, appellant could have shown it by having the account set out in the bill of exceptions. The case also shows that a bill—a transcript from the account—was presented for payment to the defendant Storck, who did not dispute its correctness, but only asked for time, etc. Two witnesses testify to this fact. The evidence

certainly tended, not only to prove the sale and delivery to Storck of the goods charged to Storck & Co., but created a substantial conflict in the evidence on that subject. There is no answer alleging a *misjoinder* of parties defendant.

Judgment and order affirmed.