(December 31, 1910.)

## SARAH D. VALENTINE, Respondent, v. SID ROSEN-HAUPT, Appellant.

[112 Pac. 685.]

EVIDENCE—STRIKING FROM THE RECORD—PLEADING—AMENDMENT.

(Syllabus by the court.)

1. The fact that the trial court gives a wrong reason for striking out certain evidence is not a reason for reversal of the case.

2. It is not error of the trial court to strike out evidence which is hearsay and immaterial, and which could in no way affect the rights of the opposite party.

3. Where, after the close of the evidence in the trial of a case, an amendment is proposed to the answer, and it appears that such proposed amendment would not be supported by the proof, it is not error to disallow the same.

APPEAL from the District Court of the Eighth Judicial District of the State of Idaho, in and for Kootenai County. Hon. Robert N. Dunn, Judge.

An action to enjoin further proceedings in attachment against property of the wife for the debt of the husband, where it is claimed property is the separate estate of the wife. Judgment for plaintiff. Defendant appeals. *Affirmed.*

Alex M. Winston and Gray & Knight, for Appellant.

Defendant's bill of exceptions in this case shows that Mr. Valentine's testimony was stricken out, "upon the ground

and for the reason that the defendant's answer is made upon information and belief.'' (*Warburton v. Ralph,* 9 Wash. 537, 38 Pac. 140.)

Under a general or specific denial of any fact which the plaintiff is required to prove to maintain the action, the defendant may give evidence to disprove it. (*Jones v. Rush,* 156 Mo. 364, 57 S. W. 118; *Cornwall v. Mix,* 3 Ida. 687, 34 Pac. 893; *Lindsay v. Wyatt,* 1 Ida. 738; Pomeroy's Code Remedies, 4th ed., secs. 546, 547; *Brewing Co. v. Grubb,* 24 Wash. 163, 63 Pac. 1091; *Jeffersonville etc. Co. v. Riter,* 146 Ind. 521, 45 N. E. 697.)

In this case the court seems to have indulged a presumption that the property was the separate property of the wife. There was no legal evidence showing that she had more than a $2,000 interest in this $5,000 property.

''Property purchased in the name of the wife, partly with funds of her separate estate and partly with money borrowed during the existence of the community, is the separate estate of the wife to the extent to which funds of her separate estate are used and community property to the extent to which such borrowed money is used in its purchase.'' (*Hypotheek Bank v. Rauch,* 7 Ida. 152, 61 Pac. 516; *Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033.)

The court erred in refusing to permit the defendant to file an amendment to its answer. If under any rule of pleading or evidence it would have changed defendant's position, it should have been permitted. (*Harrison v. Russell & Co.,* 17 Ida. 196, 105 Pac. 48.)

By striking out the evidence of the defendant as to the money advanced by him to the husband of the plaintiff, the trial court reversed the rule of liberal construction heretofore followed in this state, and by a far-fetched refinement enabled the plaintiff and her husband to perpetrate a fraud upon the appellant. This mode of trying causes should not be encouraged. (*Stuart v. Noble Ditch Co.,* 9 Ida. 766, 76 Pac. 255; *Cantwell v. McPherson,* 3 Ida. 721, 34 Pac. 1095; *Wheeler v. Commercial Bank,* 5 Ida. 15, 46 Pac. 830.)

R. E. McFarland, for Respondent.

Any admissions as to the character of a wife's separate property made by her husband in her absence are not binding upon her. (*Owens v. N. Y. & T. Land Co.*, 11 Tex. Civ. 284, 32 S. W. 189; *Whelpley v. Stoughton*, 112 Mich. 594, 70 N. W. 1098; *Fox v. Windes*, 127 Mo. 502, 48 Am. St. 648, 30 S. W. 323; *Bank v. Lavery*, 110 Iowa, 575, 80 Am. St. 325, 81 N. W. 775; *Jones v. McKee*, 3 Pa. 496, 45 Am. Dec. 664.)

STEWART, J.—Sid Rosenhaupt, the appellant, brought an action in the district court of Kootenai county against R. S. Valentine, the husband of Sarah D. Valentine, respondent herein, upon a promissory note for the sum of $530. Attachment was issued and levied upon the real property involved in this action. After the attachment had been levied, the respondent commenced this action against the appellant to restrain and enjoin him from further proceedings in said attachment suit, alleging that said lands so levied upon were her sole and separate property, and that her husband, R. S. Valentine, had no interest whatever in the same.

The case was tried to the court without a jury, and findings of fact and conclusions of law were made, and a decree rendered in favor of the respondent. A motion for a new trial was made and overruled. This appeal is from the judgment and from the order overruling the motion for a new trial.

In the complaint the plaintiff alleges that on the 12th day of October, 1905, her father died intestate in the state of Michigan, leaving by his last will and testament to the plaintiff the sum of $7,575, and that she received said sum on or about the 9th day of April, 1906, upon the distribution of said estate, and that all the consideration and purchase price of the property described in her complaint, upon which the attachment was levied in the suit of *Rosenhaupt v. R. S. Valentine*, was paid out of the moneys received by her upon the distribution of her said father's estate, and that

her said husband, R. S. Valentine, paid no part of the purchase price, and that all of said real estate is her sole and separate estate.

The defendant answered, and among other things alleged: ''That this defendant says that he is informed and believes, and therefore states the fact to be, that the said lands were in fact purchased by R. S. Valentine, the husband of the said plaintiff, pursuant to the contract entered into with the said George T. Addis and wife by the said R. S. Valentine, on or before the 15th day of December, 1908, and defendant says that he is informed and believes, and therefore states the fact to be, that the said lands described in plaintiff's complaint were purchased with community funds of the said R. S. Valentine and Sarah D. Valentine, and that said lands are community property of the said R. S. Valentine and Sarah D. Valentine.''

It is also further alleged in the answer as follows: ''As to whether or not all or any of the considerations or purchase price of the lands described in plaintiff's complaint were paid for by the money, or any moneys, received from plaintiff's deceased father, or as to whether or not plaintiff's husband, R. S. Valentine, paid anything for the purchase of said lands, this defendant has not sufficient knowledge or belief to enable him to answer, and he therefore denies said allegations, and each and all thereof, and every part thereof.'' This answer was verified upon information and belief.

During the trial and while the appellant was being examined, he testified that he had loaned R. S. Valentine $250, which was to apply upon the purchase price of the lands described in the complaint. Counsel for respondent moved to strike out this testimony. The motion was sustained, and the principal argument upon this appeal is based upon this ruling of the trial court. The bill of exceptions recites the ruling of the court as follows: ''The court announced that he was of the opinion that the plaintiff's motion to strike from the record all of the testimony of the defendant relative to the advancement of the sum of $250, which was

applied upon the purchase price of the lands described in the complaint, should be sustained, upon the grounds and for the reason that the defendant's answer is made upon information and belief that the purchase price paid for the lands mentioned in the complaint was not the separate funds of the plaintiff, Sarah D. Valentine.'' It seems from this bill of exceptions that the trial court was of the opinion that inasmuch as the answer was based upon information and belief, therefore the defendant in his testimony could not testify positively to any fact stated in the answer to be upon information and belief.

It is a rule that where a pleading is made upon information and belief, and it appears that the facts stated in such pleading are within the knowledge of the person making the same, such pleading may be stricken out, yet we are not aware of any rule which would authorize the striking out of proffered testimony because it is positive, when the pleading it is offered to support is made upon information and belief. In this instance, however, although the reason for the court's ruling may have been erroneous, the ruling was correct. The evidence of Rosenhaupt as to loaning Valentine the $250 was proper, but the statement as to the purpose for which the loan was made was hearsay, irrelevant and incompetent as against the respondent, and the respondent could in no way be bound by any contract or arrangement made between the appellant and her husband, unless made with her permission or authority, and in this instance it does not appear that she authorized or consented to Valentine's borrowing such sum of money. Valentine did not testify, neither did Addis, the person from whom the land was purchased, that the money claimed by Rosenhaupt to have been loaned Valentine was in fact applied on the purchase price of said land, and because of this fact the evidence as to the use of the money was hearsay and immaterial, and the trial court did not err in striking said testimony from the record.

There is another reason why the case should not be reversed because of this ruling of the trial court, and that is

that even although this evidence had been relevant, still the cause was tried to the court, and the court made findings of fact in favor of the respondent, and this evidence could in no way have induced a different conclusion from that reached by the trial court.

It is next argued that the trial court erred in not permitting the appellant to amend his answer, after the motion to strike out the evidence of Valentine heretofore described, and before the trial court had ruled thereon. This proposed amendment consisted of an allegation that the appellant had loaned R. S. Valentine the sum of $250, which was used toward the purchase price of the lands mentioned in the complaint. While courts should be very liberal in allowing amendments offered, to make pleadings conform to the proof, yet where a proposed amendment, even if allowed, would not be supported by the proof received, it is not error to disallow such amendment. In this instance, even if the amendment had been allowed, the evidence would not have supported it, as there is no evidence that the $250 loaned was ever applied by R. S. Valentine on the purchase price of the property. The evidence in this case conclusively shows that all the purchase money paid was paid by Mrs. Sarah D. Valentine, and out of moneys received by her from her deceased father's estate, and the court finds in accordance with this proof, and the proof clearly supports such findings, and would not have supported the amendment, even if allowed.

We have examined all the other questions involved in this appeal, and find no merit in the appeal. Judgment is affirmed. Costs awarded to the respondent.

Sullivan, C. J., and Ailshie, J., concur.