[Civ. No. 908.   Second Appellate District.—March 10, 1911.]

## W. M. KINNEY, Respondent, v. MARYLAND CASUALTY COMPANY OF BALTIMORE, a Corporation, Appellant.

INDEMNITY INSURANCE—LOSS OF JEWELRY FROM SAFE—PLEADING—CONJUNCTIVE DENIALS—ADMISSION OF LOSS BY TOOLS—SOLE ISSUE AS TO CONSENT.—In an action on a policy of insurance indemnifying the owner of a safe against felonious abstraction of its contents by tools or explosives directly applied, where the complaint avers that by tools directly applied to said safe, on a specified date, persons unknown to the plaintiff feloniously abstracted jewelry and precious stones therefrom, of a specified value, against the will and without the consent of plaintiff, it is held that the answer by conjunctive denials admitted the abstraction of its contents by tools directly applied, and took issue only on plaintiff's want of consent, and specially averred that the abstraction of its contents was by plaintiff's connivance and consent, and raised no other issue.

ID.—RULES OF PLEADING—DENIALS OF SWORN COMPLAINT—ADMISSIONS. The rules of pleading, under our system, require a denial in an answer to a verified complaint of every specific averment thereof, in substance and spirit, and not merely a denial of its literal truth, and whenever the defendant fails to make the requisite denial, he admits the averment.

ID.—BILL OF EXCEPTIONS SHOWING ENTRY BY KEY—ABSENCE OF ISSUE AS TO TOOLS DIRECTLY APPLIED.—Where there is no issue as to the use of tools directly applied to the safe, the fact that the bill of exceptions shows entry to the safe by a key does not require the

determination upon appeal of the question whether a key is a tool, within the meaning of the policy.

ID.—EVIDENCE OF VALUE OF JEWELRY AND PRECIOUS STONES TAKEN—BOOKS IN COURT—USE OF MEMORANDUM FROM BOOKS—DISCRETION. In proving the value of the jewelry and precious stones taken from the safe, where plaintiff had his books in court, his use of a memorandum taken therefrom to refresh his memory as a witness to the extent of the loss suffered thereby was properly allowed in the discretion of the court, leaving further proof from the books to be shown on cross-examination, if required, and where no further proof was required, the allowance of the use of the memorandum was without prejudice.

ID.—USE OF LEADING QUESTIONS—DISCRETION.—The allowance of leading questions upon the trial was within the discretion of the court, and where nothing in the record indicates an abuse of discretion, no prejudicial error in the allowance of such questions will be presumed.

ID.—ACTION ON POLICY ISSUED—EVIDENCE AS TO A DIFFERENT FORM OF POLICY TALKED OF PROPERLY EXCLUDED.—In the action on the policy issued, evidence to show that a different form of policy was talked of before its issuance was properly excluded, where the policy issued is in no sense ambiguous or uncertain in its terms, and the rights of the parties are concluded thereby.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Robert M. Clark, Judge presiding.

The facts are stated in the opinion of the court.

John Murray Marshall, and Wilbur Bassett, for Appellant.

Hunsaker & Britt, for Respondent.

ALLEN, P. J.—The action was upon a policy of insurance. Findings and judgment were in favor of plaintiff, from which judgment, and an order denying a new trial, defendant appeals.

The complaint alleged the issuance to plaintiff by defendant of a policy of insurance covering merchandise in certain safes and indemnifying against loss when, through felonious abstraction by the use of tools or explosives directly upon such safes, a loss ensued. It was averred that, "while said policy was in full force and effect, to wit, on the sixteenth day of

March, 1907, certain persons to the plaintiff unknown made entry into the said safes by the use of tools directly thereupon, and feloniously took and abstracted from the same, against the will and without the consent of plaintiff, during the night-time, . . . certain merchandise, to wit, jewelry and precious stones, which were then and there the property of plaintiff, and took and carried away the same and deprived plaintiff thereof, and by such acts of said persons unknown the said merchandise was directly and wholly lost to the plaintiff.'' The actual cash value of the merchandise at the date of the loss was alleged to be $3,442.63. The answer, upon information and belief, denied: 1. "That certain persons, to the plaintiff unknown, did on the sixteenth day of March, 1907, or thereabouts, or at any time during the continuance of said policy of indemnity, make entry into the said described safes by the use of tools directly thereupon, against the will and without the consent of plaintiff.'' 2. "Denies that . . . certain persons made entry into said safes by the use of tools directly thereupon, and feloniously took and abstracted from the same, against the will and without the consent of plaintiff, certain merchandise of plaintiff described in said complaint.'' 3. "Denies the cash value of said merchandise as alleged.'' . . . 5. "Alleges that if said safes were at said time entered by the use of tools thereupon, it was with the knowledge and consent of the plaintiff, and that such entry, if so made, was procured, aided and abetted by the negligence, connivance or consent of the plaintiff.'' Construing the answer under the rule "that our system requires a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth, and whenever the defendant fails to make such denial he admits the averment'' (*Doll* v. *Good,* 38 Cal. 290; *Westbay* v. *Gray,* 116 Cal. 663. [48 Pac. 800]), we are constrained to hold that paragraphs 1 and 2 of the answer presented no issue as to the manner of effecting entrance to the safes, or that merchandise was abstracted therefrom; but, on the contrary, presented an issue as to the connivance and procurement of such entry and abstraction by the plaintiff. Defendant in good conscience could have verified the answer containing the averments of the first and second paragraphs, even with full knowledge of the forcible entry by the use of tools and the abstraction of goods, if it

in fact believed that the same were with the connivance and consent of plaintiff. The construction that defendant did not intend to specifically deny the manner of entrance, or the fact of the abstraction of the goods, is accentuated by paragraph 5, which alleges facts controverting the felonious character of the entry and taking, and clearly indicates that this was the issue intended to be urged by paragraphs 1 and 2. The rule sometimes invoked, that objections to the sufficiency of a pleading are waived by failure to demur or to object to the evidence offered in support thereof, has no application when, as in this case, the answer by denial of facts controverting the felonious character of the entry and the value of the goods tendered issues sufficient as a defense, in which case the omission to negative other material allegations will be held as an admission of their truth. The bill of exceptions discloses that the entry into the safes was by means of a key, and it is argued by appellant that a key is not a tool, and, therefore, the entry was not effected in such manner as to render the defendant liable. In view of what we have said as to the issues presented, neither evidence nor findings were requisite as establishing the entrance by means of tools, and it is unnecessary to determine what effect should be given the word "tool," as employed in the policy.

It is next claimed by appellant that the evidence is insufficient to establish what jewelry or precious stones were so taken. The matter for determination was as to the cash value of the goods abstracted, there being, as we have before urged, no denial of the actual abstraction of some goods and merchandise. The plaintiff was permitted to use a memorandum for the purpose of refreshing his memory when called upon to enumerate the items involved in the abstraction. His memory being so refreshed, he stated that the aggregate value was $3,442.63. There was no evidence of any kind or character controverting this statement. We are of opinion that the use of the memorandum for the purpose stated was warranted by subdivision 5 of section 1855 of the Code of Civil Procedure. It appears by the record that the books of plaintiff containing invoices of goods bought and sold, from which the memorandum was prepared were in court. It is in evidence that the general result shown by the memorandum could have been arrived at by an examination of such books. The inconve-

nience and loss of time attendant upon such examination justified the court, in the exercise of its discretion, in admitting parol proof of the matters therein contained. (*People* v. *Dole,* 122 Cal. 496, [68 Am. St. Rep. 50, 55 Pac. 581].) The books being in court, through the use of which upon cross-examination the accuracy of such statements could have been determined, and no attempt being made upon cross-examination to controvert such oral statements based upon the memory of the witness after refreshing his memory from such memorandum, would indicate that no prejudicial error could be said to result from the action of the court in permitting the memorandum for the purpose for which it was used.

Appellant criticises the leading character of certain questions permitted upon the trial. This is but a criticism of the action of the court in the exercise of a discretion; nothing in the record indicates an abuse thereof, and no prejudicial error will be presumed.

We see no error in the action of the court sustaining objections to questions concerning a policy of an entirely different character, which was considered by the parties before application was made for the one actually issued. The policy which was issued, and which is the basis of the action, is in no sense ambiguous or uncertain in its terms as to any matter involved in the issues presented. There was, therefore, no reason for explanation and no uncertainty therein warranting evidence of the character proposed. The rights of the parties were to be determined by the terms of the instrument issued, and being certain and unambiguous, all parties were by its terms concluded.

We find no prejudicial error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1911.