[Civ. No. 2772. Second Appellate District, Division One.—February 20, 1920.]

## L. L. PATRICK, Appellant, v. THEODORE H. TETZ-LAFF, Respondent.

[1] EVIDENCE — REPAIR OF AUTOMOBILE — HOURS EMPLOYED — SHOP CARDS AS ORIGINAL MEMORANDA—TRANSCRIPTION UPON BOOKS.—Shop cards made by individual employees in an automobile repair-shop whereon the items of the hours such employees are engaged on a particular job are set down over their signatures constitute original memoranda of the account for the amount of labor per-formed, and in an action in which that fact is in issue such cards, if properly authenticated as to their original character and the regularity of the system under which they were kept, constitute *prima facie* proof thereof, without further proof as to their abso-lute accuracy, and a transcription from such cards regularly made upon the shop books also constitute an original entry within the meaning of section 1947 of the Code of Civil Procedure.

---

1. Admissibility in evidence of books of account containing entries transferred from memoranda, note, 52 **L. R. A.** 577.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paran F. Rice and D. Z. Gardner for Appellant.

Wm. La Plante for Respondent.

JAMES, J.—Appeal by plaintiff from a judgment entered in defendant's favor.

This action, as formulated by the complaint, was one of claim and delivery, wherein it was alleged that the defendant "wrongfully" took from the possession of the plaintiff a certain automobile and continued to retain possession of the same after demand made. The usual judgment in the alternative was asked for. The defendant filed what he designated as a cross-complaint, wherein it was set up that the automobile in question was delivered to him for the purpose of having many repairs made, and that he was entitled to payment of his repair bill, which amounted to the sum of $454, before relinquishing possession of the machine to the plaintiff. The trial judge determined the facts to be as alleged in the cross-complaint and, it evidently being made to appear that plaintiff had taken possession of the machine as a right preliminary in his action of claim and delivery, it was ordered that the defendant recover possession and that in case delivery could not be had, that "defendant and cross-complainant recover from plaintiff and cross-defendant the sum of $454." As to whether the filing of such a cross-complaint is appropriate to an action of replevin may be doubted, but as that question is not at all involved in the argument upon this appeal, we leave it undecided.

[1] The only matter urged as ground for reversal is that the trial judge erred in admitting in evidence certain shop cards showing the time devoted by several of the employees of the defendant to the work of repairing plaintiff's automobile. There were materials furnished, but the correctness of those items was admitted by the plaintiff. The book-keeper of the defendant testified as to the system employed

in the shop of defendant by which the time charge against any particular job was made up. This system consisted first in original memoranda made by the individual workmen wherein the items of the hours employed were set down over the signatures of the workmen, and these cards were turned in to the bookkeeper, who made up his total charges by aggregating figures shown on all cards. The bookkeeper identified the several signatures attached to the cards as being those of the workmen employed in making the repairs in question. The bookkeeper further testified that under the system employed, each job as it was entered upon was given a certain number and the cards which were turned in identified the work under the number selected. No witness testified in words that the charges were correct. It was agreed, however, that the total number of hours shown on the cards was the number charged; but the plaintiff objected to the evidence on the ground that no proper foundation was laid therefor and that the same was incompetent and hearsay. It seems to be well established that the books of a tradesman or shopkeeper, when it is shown that they have been regularly kept following the usual course of business of the person producing them, are admissible in evidence and are *prima facie* proof of the items disclosed thereby. Pertinent to this question, in Ruling Case Law, volume 10, section 377, ''Evidence,'' it is declared: ''Entries in books, in order to be admissible, ordinarily must have been made in the regular course of business and as a part of the party's system of keeping his accounts. The fact that the entries are made by clerks in the regular routine of their employment, and under the natural impulse of an employee to perform his duties accurately, is the safeguard of the accuracy of the entry. Indeed, under the systems of bookkeeping in modern business houses the mechanical precision with which numerous employees record various transactions, together with the absence of any personal motive to misrepresent the facts of the transaction makes the modern book of accounts a very high form of evidence in respect of transactions that are the proper subject matter for a book of account.'' It would be to impose a most difficult rule upon the commercial world to hold that, notwithstanding ample proof as to the original character and regularity of the

keeping of accounts, there must be in addition an affirmative oath on the part of the tradesman or shopkeeper producing them that they are absolutely correct. In large establishments employing a great multitude of clerks this proof would be in many cases beyond reach. We think that the cards offered in evidence constituted original memoranda of the items of the account for the amount of the labor performed and that they were *prima facie* proof of the fact. (*White* v. *Whitney,* 82 Cal. 166, [22 Pac. 1138]; *Carroll* v. *Storck,* 57 Cal. 366.) It would seem, further, that a transcription from the cards regularly made upon the books would also constitute an original entry within the meaning of section 1947 of the Code of Civil Procedure.

Considering the one question which is submitted for determination on this appeal by the plaintiff, we think that no error is shown.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.