[Civ. No. 13369. First Dist., Div. Two. Aug. 26, 1947.]

OAKLAND CALIFORNIA TOWEL COMPANY, INC. (a Corporation), Respondent, v. GEORGE ZANES, Appellant.

John F. O'Sullivan for Appellant.

Ernest J. Livengood for Respondent.

NOURSE, P. J.—Plaintiff sued for breach of contract arising from defendant's failure to return linen supplied to defendant under a written contract. Claim was also made for attorney's fees chargeable to defendant under the express terms of the contract. Judgment went to plaintiff for $2,018.01, and attorney's fees assessed at $225.

The appeal presents the single issue whether the tags prepared by plaintiff showing the delivery and return of linen supplied by plaintiff were admissible in evidence, or more specifically whether, on the evidence depicting the method of preparation, the use and acceptance of the records throughout the business transactions of the parties, the trial court committed error in receiving them in evidence. These tags, which were admitted over the objection of defendant, show the exact number of the several pieces of linen supplied to defendant daily and the exact number returned. The shortage was estimated on the agreed value of the pieces not returned.

Plaintiff was engaged in the business of supplying laundered towels, sheets and similar articles to hotels, rooming houses and restaurants. Defendant was engaged in the business of operating a restaurant and rooming houses. Under the terms of three written contracts plaintiff supplied the clean linen to defendant and on each delivery took back the soiled linen. The practice over the period of three years of the life of the contracts was this: tags, or tickets, were prepared in quadruplicate in plaintiff's office; these itemized the several pieces of clean linen to be delivered to the customer and the pieces of soiled linen returned by him. Each delivery tag was double checked by plaintiff and a pink carbon copy was given to the driver who exhibited it to the customer on delivery of the linen. Sometimes this tag was signed by the customer, but when no one was present to sign, the copy was returned by the driver to plaintiff's files; a rose-colored carbon copy of the original tag was left with the customer on each delivery of clean linen. The written contracts contained a provision reading: "Lessor's delivery tags shall be deemed correct as to the number of articles delivered unless objection in writing is made by Lessee within ten days after delivery of

articles." There was no evidence that any such objection was made by defendant. The compilation of these receipts or tags disclosed the shortages in the amount returned. The value was fixed, and on this there is no controversy.

The question of law is whether business records kept in this manner, the use of which was accepted by both parties over a period of years are admissible in evidence under sections 1953e-1953h of the Code of Civil Procedure. This act became effective in 1941, and is interpreted in *Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1], where (p. 608) the court said:

"The purpose of this act is to enlarge the operation of the business records exception to the hearsay evidence rule. The common law exception is based on the assumption that records kept in the general course of business usually are accurate, and may be used, in case of necessity, as evidence of the matter recorded." In accord are: *Doyle* v. *Chief Oil Co.,* 64 Cal. App.2d 284, 292 [148 P.2d 915]; *Brown* v. *County of Los Angeles,* 77 Cal.App.2d 814, 817 [176 P.2d 753].

Appellant ignores these authorities and relies to some extent on cases decided before the code amendment and upon *Tabata* v. *Murane,* 76 Cal.App.2d 887 [174 P.2d 684]. That case involved the question of the admissibility of similar evidence to prove a book account. But this case is not a suit on a book account and the cited case has no bearing.

It is also argued that the tags or tickets were not properly identified as complete or correct statements of the respective deliveries. This, of course, was a question for the trial court to resolve from the evidence given by the office force which prepared and kept the records. We find no evidence which would call for a rejection of the ruling admitting the records, from which ruling it must be assumed that the trial court held the foundation satisfactory. (*Egan* v. *Bishop,* 8 Cal.App.2d 119, 123 [47 P.2d 500]; *Ducat* v. *Goldner,* 77 Cal.App.2d 332, 337 [175 P.2d 914].)

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.