469 P.2d 50

Ernestine DANIEL, Administratrix of the Estate of Vernon Daniel, deceased, Plaintiff-Appellant,

v.

Robert B. MOSS, Executor of the last will and testament of Anna Loretta Moss, deceased, and Robert B. Moss, individually, Defendant-Respondent.

No. 10218.

Supreme Court of Idaho.

April 30, 1970.

Smith, Miller & Weston, Caldwell, Donart & Donart, Weiser, for plaintiff-appellant.

Ryan & Speropulos, Weiser, for defendant-respondent.

McQUADE, Justice.

Mrs. Anna Loretta Moss died in September, 1961, and her son, the defendant-respondent Robert B. Moss was appointed executor of her estate. Soon thereafter he employed Vernon Daniel, the late husband of plaintiff-appellant Ernestine Daniel, to do the legal work in probating Mrs. Moss' estate. Mr. Daniel had practically completed that work when, in March, 1964, he died. There was substantial testimony that, because of the size of Mrs. Moss' estate, the legal work which Daniel had done was worth an attorney's fee of $4,500. Because no fee had been paid, appellant brought this action to collect that sum from respondent, as executor of his mother's estate or as an individual.

Respondent answered that the amount owed was $900. That, he contended, was the sum upon which he and Vernon Daniel had agreed. A jury trial was held late in 1966, and a verdict and a judgment was given in favor of the respondent. From that judgment, the appellant has taken this appeal.

The sole question presented to this Court concerns the admissibility of a copy

of a federal estate tax return filed for Mrs. Moss' estate. The copy, certified by the acting director of the Internal Revenue Service, Boise, Idaho, stated that the "agreed upon" attorney's fee was $900. The return was dated December 25, 1961. When this certified copy was offered into evidence, appellant's counsel objected on the grounds that it was "incompetent and hearsay." The respondent supported the admissibility of the return as being "corroborating documentary evidence" of the testimony of the accountant for the Moss estate, one Hefley, and the respondent. The accountant had just testified that he had needed to ask Daniel what the attorney's fee would be in order to make out the tax return form.

Besides this exhibit there was other substantial evidence, testimentary and documentary, that there was a contract between Daniel and the Moss estate for a $900 attorney's fee. The respondent, his father, Fred Moss, and Hefley all testified that there was such an agreement, and three bills for $900 sent to Robert Moss from Daniel's office were in evidence. Appellant challenges none of this evidence.

I.C. § 9-414, § 2 of The Uniform Business Records as Evidence Act provides:

"9-414. *Business records—When competent evidence.*—A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

This Court has consistently stated that, in enacting The Uniform Business Records as Evidence Act, the legislature "intended to broaden the scope of admissibility of records made in the regular course of business." [1]

■ This tax return was "made in the regular course of [the] business" of the accountant Hefley and was required for the regular business of the estate. I.C. § 9-413, which defines "business" does not limit it to profit making or commercial enterprises, and, thus, includes non-commercial entities such as an estate. And, in terms of purpose, preparation, and presentment at trial, this tax return is very much like the financial statement which was held to be properly admitted in Hammond v. Hammond, 92 Idaho 623, 626, 448 P.2d 237 (1968). This tax return is credible evidence on the question of the amount of attorney's fees which Daniel meant to charge the estate of Mrs. Moss. For one thing, attorney's fees are stated on the tax return in order to establish a tax deduction. It is, therefore, unlikely that the estate would underestimate the amount of attorney's fees in order to pay excess taxes. The estate and the respondent were legally obligated to file a complete return. There was ample testimony on the part of the accountant that he had made the attorney's fee entry based on his own first-hand knowledge of the transaction of which it is evidence. Finally, the return was prepared well over two years before Vernon Daniel's demise, and, therefore, probably not in contemplation of that death or this action.

■ It was within the district court's discretion under the last clause of I.C. § 9-414 [2] to admit the record. If the question as to the admission of evidence is on the borderline, the ruling of the trial court will not be disturbed.[3] This Court will not

1. John Scowcroft & Sons Co. v. Roselle, 77 Idaho 142, 145, 389 P.2d 621, 622 (1955), quoted in Kelson v. Ahlborn, 87 Idaho 519, 529, 393 P.2d 578 (1964).

Hefley testified as to the preparation of the return. The Idaho Acting Director of the Internal Revenue has certified that it is a true copy of the estate tax return.

2. *See* McCracken v. Stewart, 170 Kan. 129, 223 P.2d 963, 969 (1950) ; *see generally* Schleiff v. County of Freeborn, 231 Minn. 389, 43 N.W.2d 265, 271 (1950).

3. Howard v. Missman, 81 Idaho 82, 88, 337 P.2d 592 (1959).

disturb a discretionary ruling of a lower court unless the trial court's discretion was clearly abused.[4]

█ The appellant suggests, however, that the exhibit was not allowed into evidence under I.C. § 9-414, but that another reason was given for its admission. This is irrelevant. A correct ruling by the trial court, though based on the wrong ground, will be sustained.[5] This tax return was, therefore properly admitted under I.C. § 9-414, and the judgment in favor of respondent is affirmed.

Costs to respondent.

McFADDEN, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

4. Jones v. Talbot, 87 Idaho 498, 504, 394 P.2d 316 (1964).

5. Openshaw v. Adams, 92 Idaho 488, 497, 445 P.2d 663, 672 (1968); Valentine v. Rosenhaupt, 19 Idaho 130, 134, 112 P. 685 (1910); cf. Layrite Products Co. v. Lux, 91 Idaho 110, 416 P.2d 501 (1966).