[Civ. No. 10378.  Fourth Dist., Div. One.  May 19, 1971.]

EXCLUSIVE FLORISTS, INC., Plaintiff and Respondent, v.
YALE KAHN et al., Defendants and Appellants.

## COUNSEL

Seltzer, Caplan, Wilkins & McMahon and Reg A. Vitek for Defendants and Appellants.

Thompson & Thompson and David R. Thompson for Plaintiff and Respondent.

## OPINION

**COUGHLIN, Acting P. J.**—Defendants appeal from a money judgment for floral decorations furnished them by plaintiff.

The issue on appeal is whether the court erred in admitting in evidence, over objection, Exhibits 1, 2 and 8.

Exhibit 1 is a compilation or summary, allegedly based upon plaintiff's business records, showing the quantity, kind, cost to plaintiff and

charge against defendants, of flowers used in floral arrangements and decorations for a wedding; the quantity, kind, cost to plaintiff and charge against defendants of ferns, trees and other merchandise used in decorating the wedding site; an itemization of merchandise supplied on a rental basis, which were used in decorating the wedding site, and the charge therefor; and the cost of labor furnished in decorating the site. Although defendants contend the exhibit is inadmissible because it is hearsay, the real issue is whether it is a compilation premised on business records admissible under Evidence Code section 1509. █ A summary of business records consisting of numerous accounts or other writings that cannot be examined in court without great loss of time, is admissible in evidence upon a showing the business records are entitled to admission in evidence; actual admission of the records is not a prerequisite to admission of the summary; but the court, in its discretion, may require them to be produced for inspection by the adverse party. (*People* v. *Doble,* 203 Cal. 510, 515 [265 P. 184]; Evid. Code, § 1509.) █ The trial court concluded Exhibit 1 was a summary based on plaintiff's business records; ordered those records made available to defendants for inspection; and overruled their objection to admission of the exhibit. The evidence supports this conclusion. The summary was compiled by a vice-president of plaintiff. In preparing it he relied primarily upon purchase orders which were kept in a folder constituting a file for the particular job. The purchase orders were made by an employee following determination of the kind and number of floral arrangements to be used at the wedding site, the areas to be decorated at the site, and the composition of such decorations. Flowers for these arrangements and decorations were ordered from suppliers. Various suppliers filled the orders; shipped flowers filling them and other orders to plaintiff; and accompanied the shipments with shipping slips and invoices. As the invoices covered not only flowers to be used on the job in question, but also for other purposes, the invoices were not placed in the folder. When the flowers arrived at plaintiff's place of business the number and kind thereof were checked against the invoices to insure the delivery accorded with the invoices. Simultaneously the flowers were checked against the purchase orders for the job, and those to be used on the job were segregated from the shipment. The flower arrangements were manufactured at plaintiff's place of business. The number of floral arrangements and the kinds of flowers to be used therein were described in the purchase orders, and were checked by an employee when taken to the wedding site to insure compliance with the order. The flowers used in decorating areas at the site were sorted from the shipments; were checked against the purchase orders for this purpose; and were installed in place at the wedding site by employees of plaintiff on the day of the wedding. In the event flowers noted on a purchase order for a particular

arrangement or decorative scheme were not shipped and received, the missing item was scratched from the purchase order.

■ In preparing Exhibit 1, the invoices received from the shipper were compared with the purchase orders for the apparent purpose of determining the cost to plaintiff of the flowers shipped, received and used to fulfill a particular purchase order. Defendants object to consideration of the invoices as a business record because they were not prepared by plaintiff, citing *California Steel Buildings, Inc.* v. *Transport Indemnity Co.*, 242 Cal.App.2d 749, 759 [51 Cal.Rptr. 797]. The use of the invoices in preparing Exhibit 1 was for the purpose of determining the cost to plaintiff of the flowers used on the job. The receipt of the flowers invoiced had been checked by employees of plaintiff. Likewise, the use of a part of the flowers from a particular invoice for the job was determined by reference to the purchase orders for the job. Thus, the evidence respecting the invoices concerned their use in verifying the fact plaintiff received the flowers required to fill the various purchase orders, and as a record of the cost of those flowers to plaintiff. As a business practice, the invoices were used in determining whether the flowers invoiced were the flowers actually received, whether among them were the flowers described in the purchase orders, which would be the flowers used on the job, and the cost thereof to plaintiff. The invoices, if offered in evidence, would have been admissible as part of plaintiff's proof of the method of maintaining its business records. (See *Kinney* v. *Maryland Casualty Co.*, 15 Cal.App. 571, 574 [115 P. 456].)

■ The purchase orders which showed all of the flowers and merchandise ordered for and used on the job were a writing equating a business record. (*Globe Mfg. Co.* v. *Harvey*, 185 Cal. 255, 261 [196 P. 261]; *People* v. *Crosslin*, 251 Cal.App.2d 968, 974 [60 Cal.Rptr. 309]; *Thompson* v. *Machado*, 78 Cal.App.2d 870, 872 [178 P.2d 838]; *Oakland California Towel Co.* v. *Zanes*, 81 Cal.App.2d 343, 345 [184 P.2d 21]; *Kinney* v. *Maryland Casualty Co., supra*, 15 Cal.App. 571, 574.) The requirements essential to proof of a writing as a business record are prescribed by Evidence Code section 1271. The evidence at bench supports the conclusion, implicit in the order admitting Exhibit 1 in evidence, the purchase orders meet the requirements of a business record. At the trial defendants contended the records upon which plaintiff relied as business records were confusing. The records are not confusing. The testimony respecting the manner of keeping them may be confusing. However, the trial court as the sole arbiter of the weight of that testimony, the interpretation thereof and the inferences to be drawn therefrom, resolved the confusion. (*Cottle* v. *Gibbon*, 200 Cal.App.2d 1, 4 [19 Cal.Rptr. 82]; *Welker* v. *Scripps*

*Clinic etc. Foundation,* 196 Cal.App.2d 338, 342 [16 Cal.Rptr. 538].)
In determining whether a writing meets the requirements of a business record the trial judge is vested with broad discretion the exercise of which, absent a showing of abuse, will not be disturbed on appeal. (*People* v. *Crosslin, supra,* 251 Cal.App.2d 968, 971; *Western Specialty Co.* v. *Clairemont Construction Co.,* 204 Cal.App.2d 532, 535 [22 Cal.Rptr. 536].) No abuse of discretion appears.

The item in Exhibit 1 setting forth the cost and charge for labor was the product of a compilation set forth in Exhibit 8 which, in turn, was a summary showing the names of the employees who worked at the wedding site on the day of the wedding, the hours worked, their wage scale, and the amount of wages paid. The summary was prepared from time cards and payroll records kept in the usual course of business. Time cards are a writing which may constitute a business record. (*Patrick* v. *Tetzlaff,* 46 Cal.App. 243, 244 [189 P. 115].) Defendants' contention the evidence does not support a conclusion these were business records is without merit.

The amount of the charges against defendants for the flowers and other merchandise furnished, and also for the services rendered by the employees on the day of the wedding, is established not only by Exhibits 1 and 8, but also by expert testimony. Plaintiff's vice-president qualified as an expert respecting these charges and testified they represented the reasonable retail value of the items in question. There was no evidence to the contrary.

Exhibit 2 was an itemized statement plaintiff presented defendants for payment. The itemization was more general than in Exhibits 1 or 8; indicated the charges made for the flowers, other material furnished and services rendered which, in each instance, were less than the charge noted in those exhibits; and, at the most, was cumulative of the evidence supplied by Exhibits 1 and 8. There was evidence the bill as rendered included a discount, which explains the fact it was in an amount less than the total charged in Exhibits 1 and 8. No prejudicial error occurred in admitting the bill in evidence. (*Adams* v. *Young,* 255 Cal.App.2d 145, 157 [62 Cal. Rptr. 877].)

The judgment is affirmed.

Whelan, J., and Ault, J., concurred.