644 P.2d 318

STATE of Idaho, Plaintiff-Respondent,

v.

Perry A. WHITE, Defendant-Appellant.

No. 13835.

Supreme Court of Idaho.

April 15, 1982.

Klaus Wiebe, Ada County Public Defender, and David Z. Nevin, Esq., Chief Appellate Deputy, Ada County Public Defender, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

The defendant-appellant was convicted by a jury of Issuing a Check With Insufficient Funds under I.C. § 18–3106(b). He was placed on probation for three years and this appeal followed.

The only issue on appeal is whether a reconstruction of the appellant's bank statement should be entered into evidence when the original has been lost or destroyed.

The prosecution entered into evidence a reconstruction of a bank statement that had been sent to the defendant in December, 1978. This evidence was introduced for the purpose of showing there was no money in the appellant's bank account. An operations officer for the Idaho First National Bank, Virginia Linkous, testified that the appellant's bank statement would normally have been committed to microfilm and entered into evidence, but she was unable to locate December's statement on the microfilm so she prepared the exhibit in question by going to the daily transaction journal and typing in the figures. This daily transaction journal is a record of every customer's banking transactions and was also used in preparing the missing statement.

The appellant argues that this reconstructed exhibit is hearsay and that the "regularly kept records" exception under I.C. § 9–414[1] is the only exception that could possibly apply. However, he argues that this exception is inapplicable because even though the original would have been

---

1. "9–414. Business records—When competent evidence.—A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

admissible, the reconstructed exhibit was made in anticipation of litigation and prepared eighteen months after the banking transaction occurred.

■ The appellant also argues that the trial court erred in relying on F.R.E. 803(24) to admit the evidence because the federal rules have not been adopted in Idaho. However, this Court has held that where a ruling is correct it is immaterial that the reason given by the trial court for admitting the evidence may have been incorrect. *Daniel v. Moss*, 93 Idaho 612, 469 P.2d 50 (1970).

■ The lost statement was prepared by a computer in the ordinary course of business and the parties agreed that had this statement not been lost it would have been admissible under the business records exception to the hearsay rule which is set forth in I.C. § 9–414. Thus, we find that under circumstances where the parties agreed that if the statement had not been lost it would have been admissible under the business records exception, a hearsay objection concerning a reconstruction of that lost statement is inapplicable. Once the original evidence has withstood a hearsay objection, secondary evidence of that original is not subject to a hearsay analysis. *See Standard Oil Company of California v. Moore*, 251 F.2d 188 (9th Cir. 1957), *cert. denied*, 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148 (1958); *Exclusive Florists, Inc. v. Kahn*, 17 Cal.App.3d 711, 95 Cal.Rptr. 325 (1971). Therefore, we affirm the judgment of the trial court.[2]

BAKES, C. J., and McFADDEN and SHEPARD, JJ., concur.

BISTLINE, Justice, dissenting:

Linkous was allowed to testify regarding hearsay statements. "Entries in business books and other regularly kept records . . .

[when] offered as evidence of the truth of its terms . . . is clearly hearsay and some exception to the hearsay rule must be invoked if the entries are to be admitted." McCormick on Evidence § 304 at 717 (2d ed. 1972). *See Wasson v. Wasson*, 73 Idaho 359, 253 P.2d 236 (1953); *Zerbinos v. Lewis*, 394 P.2d 886 (Alaska 1964). While the majority opinion does not specifically identify the records testified to in this case as hearsay, the opinion's discussion of the business records exception would be pointless if the evidence admitted did not constitute hearsay. I begin, therefore, with the proposition that the evidence admitted constituted hearsay.

Once evidence has been identified as hearsay, the question becomes: Can the evidence be admitted under one of the exceptions to the hearsay rule? It is here that I have trouble with the majority opinion; I am uncertain which exception is being invoked, and suspect that the majority unwittingly has in fact created a new exception, or at the very least modified an existing exception. If so, application of the new or modified rule in this case amounts to an ex post facto law and violates the appellant's constitutional rights.

I.

The reason for the business records exception to the hearsay rule, which in Idaho is codified at I.C. § 9–414, is that statements which are admittedly hearsay (for example, the Linkous testimony concerning the bank's records of defendant's transactions during the month of December, 1978) may be considered reliable given the context in which such records are usually prepared. As Professor McCormick puts it:

"The exception is justified on grounds analogous to those underlying other exceptions to the hearsay rule. *Unusual reliability* is regarded as furnished by the

2. Secondary evidence in Idaho is controlled by I.C. § 9–411. The defendant made no objection under this section and "[i]t is a long established principle of this Court that, with limited exception, error at trial must be the subject of proper objection to merit review on appeal." *State v. Wright*, 97 Idaho 229, 231, 542 P.2d 63, 65

(1975) (citations omitted); *State v. Thomas*, 94 Idaho 430, 489 P.2d 1310 (1971). We have recognized an exception to this rule in a situation involving fundamental error but we do not find that this case falls within this exception. Therefore, we decline to review the evidence under I.C. § 9–411.

fact that in practice regular entries have a comparatively high degree of accuracy (as compared to other memoranda) because such books and records are customarily checked as to correctness by systematic balance-striking, because the very regularity and continuity of the records is calculated to train the recordkeeper in habits of precision, and because in actual experience the entire business of the nation and many other activities constantly function in reliance upon entries of this kind." McCormick on Evidence, § 306 at 720 (2nd ed. 1972). (Emphasis added.) *See Curiel v. Mingo*, 100 Idaho 303, 597 P.2d 26 (1979).

In this case there is no question but that the reconstruction prepared in anticipation of trial fails to meet the statutory prerequisites for admission under the business records exception. I.C. § 9–414 provides:

"Business records—When competent evidence.—A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, *and if it was made in the regular course of business, at or near the time of the act, condition or event*, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." (Emphasis added.)

Obviously, the very two criteria which serve as indicia of reliability—preparation in the regular course of business, and at or near the time of the act—are missing in this case. Furthermore, the majority does not even assert that the statutory criteria have been met. Rather, the opinion sets forth this unique holding, which practicing trial lawyers may indeed find troubling: "[U]nder circumstances where the parties agreed that had the original document not been lost it would have been admissible as a business record, a hearsay objection concerning secondary evidence of the lost statement is inapplicable. Once the original evidence has withstood a hearsay objection, secondary evidence of that original

does not constitute hearsay and will be admissible as long as it meets the requirements set out in I.C. § 9–411."

Secondary evidence, however, does *not* contain the indicia of reliability which the business records themselves contain, therefore the fact that the original business records may have been admissible in no way guarantees the reliability of the secondary evidence. Such evidence *must* be evaluated on its own merits. In oblique recognition of this fact, the majority relegates this secondary evidence to the requirements of an entirely different statute—I.C. § 9–411(1)—which provides in part:

"Secondary evidence of writings— When admissible.—There can be no evidence of the contents of a writing other than the writing itself, except in the following cases:

1. When the original has been lost or destroyed; in which case proof of the loss or destruction must first be made."

This "best evidence" rule was *not* designed to meet hearsay objections but rather is intended to allow evidence when a writing critical to a case has been lost or destroyed, and therefore a case cannot be brought, and a right vindicated or defended, *at all*. "Failure to recognize [the lost document] qualification of the [best evidence] rule would in many instances mean a return to the bygone and unlamented days in which to lose one's paper was to lose one's right." McCormick on Evidence § 237 at 570 (2d ed. 1972). In short, the best evidence rule is a rule of necessity while the business records exception is a rule of reliability. In this regard it need only be noted that hearsay objections may still be raised to secondary evidence of a writing, if that writing or the secondary evidence of it is or contains hearsay. "Upon a proper showing that an original writing containing facts relevant to issues in the case is lost or destroyed or otherwise inaccessible, secondary evidence of its contents becomes admissible. However, the rule which excludes hearsay evidence generally may operate to render testimony offered to establish its contents incompetent."

29 Am.Jur.2d Evidence § 498 at 557 (2d ed. 1972) (footnotes omitted). The majority does not seem to realize this fact of life. That the original is missing does not cure the hearsay of its lack of trustworthiness or otherwise make the hearsay admissible. And the fact that the parties agreed[1] that the original business records would have been admissible does *not* mean that the defendant is precluded from asserting his hearsay objection to the *secondary* evidence. It is a grave error to assume that the secondary evidence is identical to, and therefore as trustworthy as, the original evidence.

In any event, the *real* originals of the documents at issue here were not lost, and the majority therefore misapplies the very rule it develops. Linkous testified that she prepared her report *from* the original daily transaction journal. What *was* lost was the synthesized *individual* record of the defendant which, together with the comprehensive daily transaction journals, was prepared in the regular course of business. The individual account statement was actually compiled from the daily transaction journal. The purported reason for preparing the Linkous' report was in essence that the original transaction journals were "too bulky." As noted by the majority, the trial court relied on a *federal* rule of evidence in admitting this report. The court stated:

"THE COURT: All right. I am just pointing that out to you, you see, that this is something that is admissible. All right. Now, let's get over into the last section (24) 803. Section 24. 'Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the Court determines that (a) the statement is offered as evidence of a material fact;' and I do. '(b) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts' and I do.

"*The only other thing would be for her to bring in the journals from which she got this information and let the jury meandering through those, much of which would be not relevant and not anyone's business*; see, because we are not here to let the jury become informed on everyone who is a customer of the Idaho First National Bank and what their bank balances are, what their activities are.

"And '(c) The general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.' I would find that.

. . . .

"MR. MORDEN: Yes, Judge, *I would note that those are the civil rules that you read, the Federal civil rules.*

"THE COURT: Those are the Federal Rules of evidence for all cases, criminal and civil. Okay. *And I am guided by those and that is admissible.*" (Emphasis added.)

Perhaps it is true that the report may have been admissible under the federal rules of evidence, but to my knowledge, the Idaho legislature has not yet adopted them; those rules may persuade but they do not guide the admissibility of evidence in Idaho. The very fact that there *is* a federal rule applicable to the report, however, to my mind demonstrates that the evidence is *not* admissible in the absence of such a rule, and that the rule which the Court fashions today *is* a new rule under Idaho law. The trial court was more candid than today's majority when it stated that "[t]he only other thing would be for her to bring in the journals from which she got this information and let the jury meandering [sic] through those . . . ."

Obviously, admission of the report is not compelled by the absence of the original documents, which were admittedly available. Rather, admitting this report is simply more convenient than resorting to the original journals. While such an evidentiary "rule of convenience" may very well be necessary and desirable, it must be recog-

---

1. The defendant never stipulated that this was admissible. I assume for the purpose of argument, however, the majority's characterization of the position of the parties was proper.

nized for what it is—a new rule of evidence, under which the defendant is "convenienced" into a felony conviction.

## II.

Even if one were to admit that the Court has the authority to adopt the new rule of evidence,[2] and even if one were to admit that its adoption is desirable, it is patently evident that application of the rule in this case subjects White to an ex post facto law in violation of article I, section 10 of the United States Constitution and article I, section 16 of the Idaho Constitution. In *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981), we stated that a "holding [which] alters the legal rules of evidence such that 'less or different testimony than the law required at the time of the commission of the offense [is necessary] in order to convict the offender' " would be an ex post facto law if applied to the case in which the rule was adopted. 102 Idaho at 166, 627 P.2d at 795 (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). This is true regardless of whether a law or evidentiary rule is adopted by the legislature or by the courts. *Byers, supra; Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964).

The majority today manufactures a new rule of evidence and gives it application to acts committed prior thereto, clearly an ex post facto proposition. I am unable to concur in such an appellate procedure and must dissent.

## ADDENDUM

Since the foregoing was written, the majority has eliminated its reliance on I.C. § 9–411(1) from its opinion and instead inserted citations to two cases in support of its rule that "[o]nce the original evidence has withstood a hearsay objection, second-

ary evidence of that original is not subject to a hearsay analysis." Neither of the cited cases stands for the quoted proposition—neither case having addressed a hearsay objection. *Standard Oil Co. of California v. Moore*, 251 F.2d 188, 222 (9th Cir. 1957), notes that, as a general proposition, "[s]ummaries of voluminous records may, in the discretion of the trial judge, be received in evidence." *Exclusive Florists, Inc. v. Kahn*, 17 Cal.App.3rd 711, 95 Cal.Rptr. 325 (1971) holds that, under the California Evidence Code, certain summaries of business records are admissible. Idaho has a similar provision—I.C. § 9–411(5)[3]—but the majority does not rely on this statute, stating instead that "[t]he defendant made no objection under this section . . . ." This logic escapes me—the defendant made no objection under *Standard Oil* or *Exclusive Florists*, either, but that has not prevented the majority from relying on those cases. The defendant made no objection under I.C. § 9–411 because it is a rule of *admission*, not a rule of exclusion. There is no *need* for the defendant to object that the requirements of the section have not been met unless the state relies on the section to gain admission of evidence which might be excluded on other grounds. The state did not rely on I.C. § 9–411 below so there was no reason for the defendant to object. If the majority wishes to hold that the reconstruction prepared by Linkous is in fact a "summary," I do not understand the reluctance to rely on Idaho's statutory provision for admitting such summaries, or the preference for case law from other jurisdictions, which provide a rule almost identical to I.C. § 9–411(5).

---

**2.** *But see State v. Knee*, 101 Idaho 484, 616 P.2d 263 (1980) (Bistline, J., dissenting).

**3.** I.C. § 9–411(5) provides:
   "Secondary evidence of writings—When admissible.—There can be no evidence of the contents of a writing other than the writing itself, except in the following cases:

. . . .

   "5. When the original consists of numerous accounts or other documents which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole."