95 N.J. Super. 482 (1967)
231 A.2d 830
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SATURNINO ROMERO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1967.
Decided June 16, 1967.
*485 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Leon E. Kreiger argued the cause for appellant.
Mr. William Pollack, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant was indicted on three counts respectively charging him with (1) breaking and entering with intent to steal (N.J.S. 2A:94-1), (2) larceny (N.J.S. 2A:119-2), and (3) assault with intent to commit burglary (N.J.S. 2A:90-2). The third count was dismissed at the close of the State's case. The jury returned a verdict finding defendant "guilty as charged on both counts." The court subsequently sentenced defendant to State Prison on the breaking and entering charge for a term of 3-5 years, and on the larceny charge for a like term of 3-5 years to run concurrently with the sentence imposed on the first count. The judgment of conviction refers to the second count as "larceny: (H.M.)," the "H.M." indicating a high misdemeanor. This appeal followed.
A brief statement of the facts on which the convictions were based should suffice. On the morning of February 4, 1966 Ramon Carabello entered his home in Passaic, New Jersey, and saw defendant in the act of ransacking the apartment. He tried to prevent defendant from escaping but *486 was unsuccessful because defendant threatened to strike him with a screwdriver. Thereafter, Carabello found there was missing from the apartment $60 in cash, his diamond ring, his daughter's wristwatch and a ring owned by his wife. A month later he saw defendant enter another building. He summoned the police and defendant was arrested.
The larceny statute, N.J.S. 2A:119-2, provides that any person who steals any money, goods, chattels or other personal property of another is guilty of a misdemeanor, if the price or value of such property is under $200 (petit larceny), and if the price or value thereof is $200 or more such person is guilty of a high misdemeanor (grand larceny).
The larceny count in the indictment charged defendant with stealing one ring valued at $100, one wristwatch valued at $75, and $60 in cash. The total value of the alleged stolen property was $235. If supported by proof at the trial, the offense committed would constitute a high misdemeanor.
Defendant first contends that the trial judge erred in permitting Carabello, the victim of the crimes, to testify as to the value of the stolen jewelry over his objection.
Carabello's testimony relating to the value of the jewelry was adduced by interrogation of the trial judge. After confirming that $60 in cash had been taken, the judge asked Carabello what the value of his diamond ring was as of February 4, 1966, the date of the theft. The answer was, "I would say the ring was worth $125, $150." The judge asked what the watch was worth on that day and the answer was "$95." Defense counsel objected on the ground that Carabello was "not an expert on watches," that expert testimony was required, and there was no evidence that the witness through experience or knowledge was so qualified. The objection was overruled and the judge said that the witness was qualified to testify as to the value of personal property. The judge then asked Carabello for his valuation of his wife's ring and the witness replied, "About $20, $25."
*487 Defendant argues that there was no foundation laid to establish Carabello's qualifications to testify as to the value of the jewelry and that the admission of such testimony constituted error.
In the prosecution of an accused for violation of N.J.S. 2A:119-2, proof of value of the stolen property must be established to determine whether the offense committed was a high misdemeanor or a misdemeanor. It is generally accepted that the rules for establishing value in civil cases are applicable in criminal prosecutions. Hoffman v. State, 24 Okl. Cr. 236, 218, p. 176, 179 (Ct. App. 1923), 2 Wharton, Criminal Law, sec. 449, p. 71 (1957), 52 C.J.S. Larceny 118, p. 940.
It has consistently been held in this State that the owner of an article of personal property, whether or not he is generally familiar with the value of like articles, is competent to testify as to his estimate of the value of his own property and that the extent of its probative value is for the consideration of the jury. Teets v. Hahn, 104 N.J.L. 357, 359 (E. & A. 1928); Nixon v. Lawhon, 32 N.J. Super. 351, 355-356 (App. Div. 1954); Kazanjian v. Atlas Novelty Co., 34 N.J. Super. 362, 369 (App. Div. 1955). This is the prevailing rule throughout the country. 3 Wigmore, Evidence (3d ed. 1940), sec. 716, and see cases in footnote 2, page 48. Thus, in the instant case, Carabello was competent to testify as to the value of his stolen ring. Moreover, defendant made no objection thereto.
However, when a person testifies as to the value of personal property of another there must be evidence to show that he possesses knowledge of the market value or reasonable selling price at the time and place of the theft. 2 Wharton, op. cit., sec. 449, pp. 71-75 (1957); 3 Wigmore, op. cit., secs. 716-719, pp. 48-54. Cf. Berkowitz v. Pierce, 129 N.J.L. 299, 301 (Sup. Ct. 1943).
Here Carabello was permitted to testify, over objection, as to the value of his daughter's wristwatch. No evidence was presented to show that he was competent to so *488 testify. The trial judge therefore erred in overruling defendent's objection. For the same reason it was error to have allowed Carabello to testify as to the value of his wife's ring. Moreover, defendant was not charged in the indictment with the theft of Mrs. Carabello's ring.
Defendant next claims the judge erred in failing to instruct the jury to return a specific finding of value of the stolen articles in order to determine whether the crime committed constituted petit or grand larceny under N.J.S. 2A:119-2. No objection was made to the charge as required by R.R. 3:7-7(b), consequently no basis for appellate review exists unless the alleged error in the charge qualifies as plain error. R.R. 1:5-1(a); State v. Corby, 28 N.J. 106, 108 (1958).
The record shows that in instructing the jury concerning the charge of larceny the trial judge stated that defendant was charged with "stealing a ring with a value of $100, a watch of the value of $75, and lawful money of the United States of a value of $60"  and that any person who steals money or other personal property of another "is guilty of an offense." He further told the jury, "If you find that he stole them, that is sufficient. If you find that he did not steal them, then of course he is not guilty of that charge."
It is obvious that these instructions were inadequate. If the jury determined that the value of Carabello's ring was $150, that, together with the $60 stolen, would justify defendant's conviction of the crime of grand larceny. If it found the ring to be worth $125 the crime would have been petit larceny. The penalty for grand larceny is imposition of a fine of not more than $2,000, or imprisonment for not more than seven years, or both. The penalty for petit larceny is a fine of not more than $1,000, or imprisonment of not more than three years, or both.
Here the trial judge gave no instructions to the jury as to the difference between grand and petit larceny. He did not inform them of the importance of determining the value of the articles taken in reaching a conclusion as to the *489 degree of the offense committed  a determination which could have a marked effect upon the sentence thereafter to be imposed.
In State v. Butler, 27 N.J. 560, 594-595 (1958), the court held it was the obligation of a trial judge to define for the jury the offense attributed to the accused and the essential elements which constitute it. It stated that a mandatory duty exists on the part of the trial judge to instruct the jury as to the fundamental principles of law which control the case  and that duty is not affected by the failure of a party to request that it be discharged. It further stated that whether, in the absence of objection, such failure constitutes plain error, would depend upon the circumstances of the case.
The State argues that at most the inadequate charge made by the court was harmless error because defendant was given a concurrent sentence of 3-5 years on the breaking and entering conviction. We do not agree. Defendant was entitled to a fair trial with a determination of the issues made by the jury following adequate and proper instructions given by the trial judge. He was not granted that opportunity.
We are satisfied that the inadequate instructions given by the trial judge affected the substantial rights of defendant and possessed a clear capacity to bring about an unjust result. Justice requires a reversal of the larceny conviction under the plain error rule.
During the trial Carabello was permitted to testify, over defendant's objection, that he had a conversation in Spanish with defendant at police headquarters, during which defendant offered to pay him $300 if he would drop the charges. Defendant contends his alleged statement to Carabello constituted an admission similar to a confession; that it should not have been received in evidence without the trial judge's having conducted a preliminary hearing to determine whether it had been voluntarily made and, if found admissible by the judge, the issue of voluntariness should have been submitted to the jury.
*490 The offer allegedly made by defendant was not a confession of guilt  it was an admission by conduct. It was not made to the police or any person in authority but to the victim. When defendant was apprehended by the police and identified by Carabello, he denied commission of the crimes and claimed he was innocent. His offer to pay Carabello to drop the charges was conduct inconsistent with his claim of innocence, indicative of a consciousness of guilt. Such conduct was admissible as evidence against defendant. 2 Wigmore, op. cit., secs. 273, 278; 29 Am. Jur.2d, Evidence, sec. 293 (1967). Cf. State v. Calabrese, 99 N.J.L. 312 (Sup. Ct. 1924), affirmed per curiam 100 N.J.L. 412 (E. & A. 1924). An admission against interest by conduct of the accused is admissible without all the safeguards required for a confession which is an admission of guilt. 3 Wigmore, op cit., sec. 821.
Moreover, the voluntary character of defendant's offer to pay Carabello was not put in issue. Defendant made no claim that he was coerced or induced to make such an offer  in fact, he denied having made the same. Whether or not he made such an offer was an issue for determination by the jury. We find no error in the admission of such evidence.
Finally, defendant claims the trial judge erred in admitting testimony concerning the circumstances of his arrest. Specifically, he charges it was prejudicial error to permit Officer Locascio to testify that while defendant was being arrested Carabello warned the police to be careful because "he may have a screwdriver which he uses as a weapon."
We are satisfied the contention is without merit. Carabello testified that when he came upon defendant in the act of burglarizing his apartment Romero had a screwdriver and threatened to injure him if he barred defendant's escape. When Carabello saw defendant again in March and called the police, he was concerned that defendant might use such a weapon to resist arrest. His spontaneous declaration to the police was made during his identification of defendant at the time of the arrest. It was admissible as part of his *491 prior, out-of-court identification of the defendant. State v. Williams, 39 N.J. 471, 489 (1963). Moreover, it was admissible as part of the res gestae. State v. Davis, 91 N.J. Super. 470, 474 (App. Div. 1966).
The conviction for breaking and entering is affirmed. The conviction of the crime of larceny is reversed and remanded for a new trial.