153 N.J. Super. 558 (1977)
380 A.2d 722
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT HILL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1977.
Decided November 16, 1977.
*559 Before Judges LORA, SEIDMAN and MILMED.
Ms. Susan T. Sinins, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Simon Louis Rosenbach, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
Defendant was tried to a jury on an indictment charging him with stealing two mirrors of the value of $250, in violation of N.J.S.A. 2A:119-2. He was found guilty, a subsequent motion for a new trial was denied, and he was sentenced to a State Prison term of one to two years. He contends on appeal that (1) the limitation of cross-examination as to the value of the stolen property deprived him of a fair trial, and (2) the charge to the jury was improper and inadequate (not raised below).
*560 The mirrors in question had been stolen from a retail glass and mirror store by a man identified as defendant. The store owner, Murray Zuckerman, testified that each mirror was priced at $125 and that this price was posted on the mirrors. When defense counsel sought to inquire on cross-examination how Zuckerman arrived at the selling price, the prosecutor objected and the trial judge sustained the objection, holding that there was no "bona fide question of contest as to the price," and invoking Evid. R. 4. He held that if the items were taken and that was the price, under the statute that was sufficient. The argument now advanced is that since larceny of goods valued at less than $200 is a disorderly persons offense, the issue of price or value was critical; that on cross-examination it was proper to seek to ascertain whether the price set by the owner was a fair and reasonable one, and the probative value of the owner's testimony was to be determined by the jury.
Prior to summations and out of the presence of the jury, defendant's counsel stated to the trial judge, "I think the question of value is going to be argued before the jury. That would be the only possible motion that I would have. I have heard the testimony, so I know your Honor would have to submit it to the jury." Whereupon the trial judge responded, "All right. We will consider a motion having been heard in that regard. I submit it's a fact question and it will be submitted to the jury."
The trial judge charged the jury that the indictment said that the mirrors had a value of $250; that the jury had heard testimony in the case that the price of the goods was $125 for each one of the mirrors; that the statute provided that the stealing constituted a misdemeanor if the price or value of such property was in excess of $200; that the State was required to prove that "the value of them and the price of them was at least over $200," and "the price as testified to by the owner of the goods or property is evidence of the value of those goods." He did not charge the disorderly persons *561 offense of larceny where the value is under $200. No exceptions were taken to the charge.
Defendant urges that he was improperly deprived of a meaningful determination as to value by the ruling of the trial judge precluding cross-examination of the owner on the price of the mirrors and more particularly so since the combined alleged price of the two mirrors was only fifty dollars more than the statutory minimum, the mirrors bore no price tags when sold by defendant to one Joseph Scarpino for $60., and Zuckerman had not previously sold that model of mirror.
The second, and related, contention of the defendant is that the trial judge failed to explain to the jury that the price or value to be determined was the market value or reasonable selling price, and that the probative value of Zuckerman's testimony was to be determined by the jury. Further, defendant argues that this omission, in conjunction with the failure to charge the jury regarding larceny of goods worth less than $200., under N.J.S.A. 2A:170-30.1, precluded a fair and informed determination as to value.
N.J.S.A. 2A:119-2 provides that a thief is guilty of a misdemeanor if "the price or value" of the property taken is in excess of $200. and under $500. In State v. Romero, 95 N.J. Super. 482, 487 (App. Div. 1967) we stated that in the prosecution of an accused for violation of N.J.S.A. 2A:119-2, proof of value of the stolen property must be established to determine whether the offense committed was, under the statute as it then existed, a high misdemeanor or a misdemeanor and that the rules for establishing value in civil cases are applicable in criminal prosecutions. Not only as the owner of the personal property here involved but certainly as a dealer familiar with the value of like articles, Zuckerman was competent to testify as to his estimate of the value of his property and the extent of its probative value was for the consideration of the jury. State *562 v. Romero, supra, at 487; Kazanjian v. Atlas Novelty Co., 34 N.J. Super. 362, 369 (App. Div. 1955).
The State asserts that for the purpose of establishing "value" as applied for larceny statute purposes to a retailer, listed retail price is the standard, People v. Irrizari, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (Ct. App. 1959). However, it concedes that a posted price does not necessarily mean that it represents the item's actual value to a purchaser since the element of competition includes the possibility that the goods "[might not] have found buyers at list price even in the store from which they had been taken." Irrizari, supra, 182 N.Y.S.2d at 364, at 156 N.E.2d at 71.
While acknowledging it is the option of proving this possibility which defendant claims he was denied, the State argues that in actuality, the trial judge did not preclude or foreclose the defendant from attempting to do so. We disagree. Although the specific question which defense counsel sought to ask, i.e. how Zuckerman arrived at the price he placed on the mirrors, was improper since the essence of value of common retail items is comparison and the question would have provoked an inquiry into marketing economics and cost analysis, the trial judge's ruling that there was no issue as to price conclusively and with finality precluded any inquiry as to the competitiveness of Zuckerman's prices. In the face of said ruling, defense counsel was constrained to forego any further inquiry on the issue of value notwithstanding he should have been permitted to ask Zuckerman such questions as how his list prices compared with those of other stores in the vicinity and whether he gave discounts, in an effort to ascertain if his prices were in fact the values of the mirrors. People v. Cook, 233 Cal. App.2d 435, 43 Cal. Rptr. 646 (Dist. Ct. App. 1965); State v. McDonald, 251 N.W.2d 705 (Minn. S.Ct. 1977).
Respondent takes the position that the trial judge did not err in omitting to charge the lesser included offense of larceny of goods under the value of $200. since the value as *563 established by the State was not challenged and defendant was, therefore, not entitled to the charge. Cf. State v. Romero, supra, 95 N.J. Super. at 482. As stated in State v. Saulnier, 63 N.J. 199, 206-207 (1973), there need not be a jury charge with respect to an included offense unless there is a rational basis in the evidence for a finding that the defendant was not guilty of the higher offense charged but guilty of the lesser included offense. See also State v. Harrison, 149 N.J. Super. 220 (App. Div. 1977). However, here defendant was denied an opportunity to seek to establish that the value of the mirrors was less than $200., the statutory demarcation between N.J.S.A. 2A:119-2 and N.J.S.A. 2A:170-30.1.
Accordingly, the judgment of the Law Division is reversed and the matter remanded for a new trial.