164 N.J. Super. 330 (1978)
396 A.2d 354
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CRAIG KING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1978.
Decided December 19, 1978.
*332 Before Judges CONFORD and PRESSLER.
Mr. Charles A. Becker, Jr., argued the cause for the appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Blair R. Zwillman, Deputy Attorney General, argued the cause for the respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Peter Brennan, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Defendant Craig King was convicted by a jury of a charge of larceny of property having a "price *333 or value" in excess of $200, a misdemeanor pursuant to N.J.S.A. 2A:119-2. His appeal from the conviction and from the denial of his subsequent motion for a new trial is predicated on his contention that the State's proofs were insufficient to support a finding by the jury that the value of the stolen property exceeded $200. He also asserts error in the judge's instruction to the jury concerning value and in the judge's refusal to issue a bench warrant to compel the appearance of a witness who refused to comply with a subpoena to testify for the defense. We regard the latter contention as having sufficient merit to warrant reversal of the conviction.
The pertinent factual background is simple and undisputed. The total import of the State's proofs was that defendant had entered a jewelry store in New Brunswick, asked to see a digital Wittnauer watch, pocketed it and ran. As he was being chased by a store clerk, he was apprehended by a police officer who was coincidentally on the scene and who extracted the watch from defendant's pocket. The watch bore a tag denoting a sales price of $295.00. The sole proof offered by the State regarding value was the testimony of both the clerk and the police officer, the only State's witnesses, as to the fact of the price tag. Defendant did not undertake to dispute the theft. Indeed, in her opening statement, defense counsel advised the jury that "Mr. King concedes that he took the watch. He admits that. That is not going to be a question for this jury." The defense rather was based on the theory that the value of the watch did not exceed $200 and hence that the theft was only a disorderly persons offense pursuant to N.J.S.A. 2A:170-30.1, which so categorizes larceny of property having a value of $200 or less. In factual support of that theory on his own case, defendant called an investigator who testified that some 15 months after the theft, the price of a watch identical to that stolen by defendant in the same store from which he stole it had dropped to $189. On the State's motion this testimony was stricken on the ground that it related to value *334 at a time too remote to be probative of value as of the date of the theft. That ruling is not here complained of.
Defendant's final attempt to establish a value less than $200 was to serve a subpoena on the store owner, a Mr. Littman, with the intention of eliciting from him proof of the wholesale value of the watch on the date of the theft. When Mr. Littman failed to appear, defense counsel requested the judge to issue a bench warrant for his arrest. The judge's response was as follows:
* * * I will direct that Mr. Littman honor this subpoena which was served upon him by investigator of the public defender's office. And I will permit to [sic] or direct him answer questions which would tend to lead to the reasonable value of the watch. And I would suggest at this point prior to the drastic procedure of an arrest being affected, that the Prosecutor in the presence of the representative, Ms. Goldring, call Mr. Littman and indicate the Court's ruling that he honor the subpoena. And then we'll go from there and see what the problem is at that point, if any problem.
On the following day, the prosecutor reported that Mr. Littman refused to honor the subpoena voluntarily. At that point defense counsel repeated her request for an arrest warrant. The judge, however, this time denied the request explaining that since wholesale value of the watch was the only testimony sought from Mr. Littman and since that value was immaterial to the issue of value on the date of the theft, defendant could not be prejudiced by Mr. Littman's non-appearance. Thus the only proof of value which the jury had before it was the retail price of the watch on the date of the theft as evidenced by the price tag.
Defendant's first contention, as we have noted, is that evidence of a retail price alone is not adequate evidence of value for purposes of proving the statutory misdemeanor offense. We disagree. The language used by the statute in defining the offense is "price or value of such property." This phrase means fair market value as that concept is commonly understood and subject to determination as in civil cases where value is in issue. See, e.g., State v. Romero, 95 *335 N.J. Super. 482 (App. Div. 1967). The question before us is the extent to which, if at all, the proved fact of retail price is equatable with the fair market value of goods offered for sale in and stolen from a retail sales establishment. We agree with State v. Hill, 153 N.J. Super. 558 (App. Div. 1977), in its indication that in this context, fair market value means fair retail price and hence that the sales price is probative of although not conclusive proof of "price or value" within the statutory intendment. That conclusion accords with the weight of authority. See, e.g., Herman v. United States, 289 F.2d 362, 366 (5 Cir.1961); cert. den. 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961); State v. Randle, 2 Ariz. App. 569, 410 P.2d 687, 688-89 (Ct. App. 1966); People v. Cook, 233 Cal. App.2d 435, 43 Cal. Rptr. 646, 648 (D. Ct. App. 1965); Maisel v. People, 166 Colo. 161, 442 P.2d 399, 401 (Sup. Ct. 1968); Lauder v. State, 233 Md. 142, 195 A.2d 610, 611 (Ct. App. 1963); State v. McDonald, 251 N.W.2d 705, 707 (Minn. Sup. Ct. 1977); People v. Irrizari, 5 N.Y.2d 142, 146, 182 N.Y.S.2d 361, 364, 156 N.E.2d 69, 71 (Ct. App. 1959). The rationale supporting retail value as an appropriate measure of fair market value in store-theft situations has been cogently expressed in People v. Irrizari, as follows:
While cost of replacement, or value in the wholesale market, is an item to be reckoned with in fixing value in the retail market, it is obvious that neither cost nor wholesale value may be adopted as the appropriate measure where the larceny is from a department store. To accept wholesale value in such a case would be to ignore the facts of economic life. Stated very simply, it is the retailer's function in our economy to move goods to the consuming public and, in the process, the market value of the goods is unquestionably enhanced. In addition, the retailer expends money on various services  including advertising, promoting, display and packaging  in order to increase the interest of the public and make it more willing to buy. When, therefore, a thief steals an article from a department store, he steals something having a market value quite different from that which it had in the hands of the wholesaler.
In short, market value * * * denotes not the value of the goods in the market in which the owner had purchased them or in which *336 he could replace them, but the value in the market in which the goods were being traded, namely, the price at which they would probably have been sold in the regular course of business at the time when and place where they were stolen. And so, we note, the courts have held in a number of other jurisdictions where market value is likewise the criterion for determining the value of stolen property. [182 N.Y.S.2d at 362, 156 N.E.2d at 70-71]
We are moreover satisfied that proof of the fact of the actual sales price, as here, unaccompanied by opinion evidence as to the "fairness" of the sales price is adequate to support a prima facie case of the misdemeanor. Presumptively at least, the sales price represents the retailer's opinion of what a member of the buying public will be willing to pay. But that is not the end of the matter. The fact that the State has met its burden of proof by proving sales price does not, in our view, foreclose defendant from attempting to overcome the prima facie case by proof that the sales price was not the fair retail price.[1]State v. Hill, supra, for example, suggests that such proof might take the form of showing that the list price of the article in question exceeds the sales price posted by other shops in the vicinity for similar articles or that the retailer whose merchandise has been stolen customarily offers discounts of the posted sales price of the article in question. We believe, however, that State v. Hill, supra, is unnecessarily restrictive in its conclusion as to the irrelevancy of the wholesale price in determining fair retail value. In our view wholesale price may be a relevant consideration if disproportionately low in *337 relationship to the listed sales price or if otherwise inconsistent with the victim-retailer's customary mark-up practices.
In view of the foregoing, it is clear that the trial judge erred in holding that the testimony of the jewelry store owner would be completely immaterial. Defendant was entitled to explore through his testimony those factors above noted which might have justified a reasonable and fair-minded jury in concluding that the sales price annexed to the stolen watch was not, beyond a reasonable doubt, its fair retail value. Thus the prejudice to defendant in having had to forego the opportunity to examine the shop owner here is patent.
In these circumstances we regard defendant as having been unduly denied his right to compel the attendance of witnesses to testify on his behalf, guaranteed both by the Sixth Amendment of the Federal Constitution and N.J. Const. (1947), Art. I, par. 10. The compulsory process clause has not been relevantly construed either in this state or by the U.S. Supreme Court. We nevertheless are in full agreement with the opinion recently expressed by Professor Westen suggesting that this constitutional guarantee must be expansively applied and hence that "The defendant's right of compulsory process is not limited to the subpoena power alone but extends to other coercive processes at the state's disposal * * *." Westen, Confrontation and Compulsory Process: A United Theory of Evidence for Criminal Cases, 91 Harv. L. Rev. 567, 588 (1978). Thus, implementation of defendant's constitutional right here required not only his right to subpoena the witness but also the exercise of the court's power to enforce the subpoena.
We have considered defendant's final contention, his challenge to the instruction to the jury regarding value, and find the same to be without merit. The error alleged in the charge, if error at all, redounded to the defendant's benefit and can hardly, therefore, be regarded as "plain error," the standard here applicable in view of the defendant's failure to have made the objection thereto below which he advances *338 here. On retrial, the judge should charge the jury with respect to the meaning of "price or value" consistently with this opinion.
Reversed and remanded for a new trial.
NOTES
[1] We note that the New Jersey Code of Criminal Justice, effective September 1, 1979, defines the disorderly persons offense of shoplifting in terms of "full retail value," defined as "the merchant's stated or advertised price of the merchandise." N.J.S.A. 2C:20-11. This definition, however, is intended to define a substantive element of variations of the shoplifting offense rather than gradations, and the indictable theft provisions contain no such definitions. Rather than the terminology of "price or value" the grades of indictable theft offenses are defined in terms of "the amount involved." See N.J.S.A. 2C:20-2(b).