607 P.2d 1328

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John Donald STROUP, Jr., Defendant-Appellant.**

No. 13138.

Supreme Court of Idaho.

March 27, 1980.

John P. Luster and Stephen B. McCrea, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Defendant John D. Stroup, Jr., after drinking beer all day, "hotwired" a pickup truck and removed it from a car lot. He was apprehended shortly thereafter and subsequently entered a guilty plea to a charge of grand larceny for the theft of the truck. The court ordered a presentence investigation and a psychiatric evaluation, reports of which were made and submitted.

In the psychiatric evaluation report, defendant was characterized as an untreatable "anti-social personality" and a menace to a civilized community. The presentence investigation report disclosed numerous prior offenses, many of which appear to be alcohol-related.

Upon inquiry by the trial court at the sentencing hearing, defendant declined to explain or refute any of the material in either of the reports, but he did present the testimony of a substance abuse expert. The witness testified he was of the opinion defendant suffered from the chronic stages of alcohol addiction, which condition was adversely affecting defendant's mind and behavior. The witness then detailed a program whereby defendant could obtain treatment at a local rehabilitation center.

The court concluded that defendant's anti-social personality, as detailed in the psychiatric report, aggravated by the tendency of alcohol to further reduce inhibitions, compelled the conclusion that defendant must be regarded as a menace to society. Defendant was then sentenced to an indeterminate term not to exceed fourteen years in the Idaho State Penitentiary, from which sentence he appeals.

The sole issue before us is whether the sentence imposed by the trial court was excessive and an abuse of discretion. We hold it was not.

The settled rule in this state is that sentencing is a matter committed to the discretion of the trial judge, and the defendant has the burden of showing a clear abuse thereof on appeal. *State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979); *State v. Hawk*, 97 Idaho 1, 539 P.2d 553 (1975); *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974).

The sentence imposed here was the maximum available for the crime charged. I.C. § 18–4606. However, appellant's background, psychological makeup and criminal record, as shown at the sentencing hearing, were such that its imposition in this case did not constitute an abuse of discretion.

Sentence affirmed.