623 P.2d 1292

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Jesus Gonzalez BIRRUETA, also known as Jesus Birueta Gonzales, Defendant-Appellant.**

No. 12973.

Supreme Court of Idaho.

Feb. 24, 1981.

Kenneth F. White, Nampa, for defendant-appellant.

David H. Leroy, Atty. Gen., Lance DeWyn Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Defendant-appellant, Jesus Gonzales Birrueta, was drinking at a tavern on an evening in August 1975 in Marsing, Idaho. After several hours of drinking at the bar, as well as heavy drinking earlier in the day, appellant left the bar around 1:00 a. m., in the company of two men. Outside the bar, appellant shot and killed the two men. Appellant was arrested and charged, and later pled guilty to two counts of second degree murder, which pleas were accepted by the court. Upon appeal to this court, those convictions were reversed on the ground that the pleas were not knowingly and intelligently entered. *State v. Birrueta*, 98 Idaho 631, 570 P.2d 868 (1977).

On remand, appellant was charged with two counts of first degree murder. The

jury found him guilty of two counts of second degree murder, the court sentenced him to consecutive life sentences and this appeal followed.

During the course of the trial, a witness testified that she saw the appellant take a "red pill" in the bar shortly before he left. Upon questioning by the defense counsel, the witness identified a photograph of a pill that looked similar, but stated that she did not know what was in the pill the appellant took the night of the killing. After argument, the court allowed admission of the photograph only for illustrative purposes, i. e., as to the physical appearance of the pill the appellant took on the night of the shooting.

Later in the trial, during its case in chief, the state called a psychiatrist. On cross examination of this witness, defense counsel propounded a hypothetical question which included the supposition that a witness saw the defendant take a pill and later identified the particular drug involved. The state objected to the question on the ground that the previous "identification" was as to appearance of the pill only, and that there was no evidence as to the pill's contents. The court sustained the objection on the ground that there was insufficient foundation for the hypothetical question. Defense counsel then attempted to reword the question. Upon further objection by the state, the jury was excused and argument had on the point. The defense attempted to justify the question on the basis of the earlier identification. The court, noting that the identification went only to the appearance and not the contents of the capsule, held that there was insufficient foundation to support the hypothetical questioning and sustained the state's objection.

■ The primary issue raised by the appellant is whether the district court erred in sustaining the state's objections to appellant's hypothetical question posed to the expert witness. The facts upon which a

hypothetical question is based must be admitted by the adverse party or be supported in the evidence in the record at the time the question is propounded. *State v. Chaffin*, 92 Idaho 629, 632, 448 P.2d 243 (1968); *State v. Johnson*, 92 Idaho 533, 535, 447 P.2d 10 (1968). We note that *State v. Johnson, supra*, concerned a closely analogous situation wherein a defendant was foreclosed from receiving an answer to a hypothetical question relating to the effects of combining alcohol and a particular drug. The court there held that, at the time the question was put, there was nothing in the record to show the defendant had taken that particular drug. The same deficiency was present in the instant case. The only foundation on this point in the trial below was the witness' testimony that the appellant had taken a "red pill" and her identification of a photograph of a pill similar in color and appearance. There was thus insufficient predicate in the record for the appellant's question concerning the effect of any particular drug; the prior "identification" simply did not extend so far. The trial court did not err in sustaining the state's objection.

■ The appellant also alleges error in regard to the sentences imposed. Where the sentence imposed is within the statutory limits, the appellant has the burden of showing a clear abuse of the court's discretion. *State v. Seifart*, 100 Idaho 321, 322, 597 P.2d 44 (1979); *State v. Sima*, 98 Idaho 643, 644, 570 P.2d 1333 (1977). To show such error, the appellant must provide this court with a sufficient record; we will not presume error. *State v. Cotton*, 100 Idaho 573, 578, 602 P.2d 71 (1979); *Seifart, supra; Sima, supra*. The appellant has failed to provide us with a record which would enable us to evaluate the allegations of error in regard to the sentencing.

The conviction and sentences are therefore affirmed.

BAKES, C. J., and BISTLINE, DONALDSON and SHEPARD, JJ., concur.