662 P.2d 233

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Thomas C. McPHIE, Defendant-Appellant.**

No. 14233.

Supreme Court of Idaho.

April 18, 1983.

Klaus Wiebe and David Z. Nevin, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a conviction of grand larceny and being a persistent violator of the law. Defendant-appellant McPhie was tried on charges of second degree burglary, grand larceny and being a persistent violator of law. The jury returned a verdict of not guilty as to burglary but guilty as to grand larceny, following which McPhie admitted to the charge of being a persistent violator. An indeterminate sentence of twelve years was imposed. On appeal, McPhie alleges error in certain evidentiary rulings and alleges that his sentence was unduly harsh. We affirm.

On June 21, 1980, security employees of a Payless Drug Store observed McPhie and one Hiatt enter the store and, deeming them to be acting suspiciously, watched them from a catwalk above the store. After McPhie and Hiatt appeared to "scout out" the store, Hiatt picked up a radio-cassette player and both McPhie and Hiatt left the store. Hiatt fled, but was stopped and arrested within a mile of the store, while McPhie was later detained and arrested.

McPhie asserts error in the admission of two of the State's exhibits, *i.e.*, a photograph of the interior of the store and the stolen radio-cassette player to which was still attached a price tag. The photograph is a "bird's-eye view" of the store taken from the security catwalk depicting a spot where McPhie allegedly stopped and

looked over the merchandise. The photograph shows a member of the security force standing and looking, as was McPhie on the day in question. McPhie asserts that the photograph is a "mock-up," and that proper foundation has not been laid therefor.

We hold that the photograph was admissible as relevant under the standard of *State v. Marlar,* 94 Idaho 803, 809, 498 P.2d 1276, 1282 (1972):

> "Relevancy, as defined in the Idaho cases, encompasses two main aspects. The first, traditionally denominated 'materiality,' requires that the issue for which the specific evidence is offered to prove be a material issue in the case. The second aspect of relevancy concerns the probative value of the offered evidence. Evidence offered to prove a material issue in the case is not relevant unless it logically tends to prove or disprove that issue. G. Bill, Handbook of Evidence for the Idaho Lawyer, 101–02 (1957); McCormick, [Law of Evidence] at 314–15 [1954]."

*Accord State v. Hokenson,* 96 Idaho 283, 285, 527 P.2d 487, 489 (1974).

Further, we hold that the photograph is illustrative of the conditions and arrangements of the store interior, as viewed from the position occupied by security personnel at the time of the offense. As was stated in *State v. Kleier,* 69 Idaho 278, 286, 206 P.2d 513, 518 (1949):

> "Photographs and pictures relevant to describe a person, place or thing are admissible for the purpose of explaining and applying the evidence and assisting the jury in understanding the case. Such evidence is used to clarify and present a more comprehensive explanation of the physical facts than could be obtained from the testimony of the witnesses.
>
> "Where photographs are used to throw light on the issues and surrounding circumstances, such photographs are properly admitted."

"Admission of photographs rests largely within the discretion of the trial judge, and since no abuse of discretion has been shown, we consider them properly admitted even though they may have the additional effect of tending to excite the emotions of the jury." *State v. Hokenson, supra,* 96 Idaho at 286–287, 527 P.2d 487. *See also, State v. Padilla,* 101 Idaho 713, 620 P.2d 286 (1980); *State v. Beason,* 95 Idaho 267, 506 P.2d 1340 (1973); *State v. Dillon,* 93 Idaho 698, 471 P.2d 553 (1970), *cert. denied,* 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971); *State v. Martinez,* 92 Idaho 183, 439 P.2d 691, *cert. denied,* 393 U.S. 945, 89 S.Ct. 317, 21 L.Ed.2d 283 (1968). Even assuming that there is some slight possibility of prejudice because of the presence in the picture of another person standing in the position of McPhie, we hold that, "within the circumstances of the trial and considering the general authority, the admission of a posed photograph may have been improper but appellants failed to establish how it constituted prejudicial error sufficient in this instance to require reversal and a new trial." *State v. Oldham,* 92 Idaho 124, 130, 438 P.2d 275, 281 (1968).

McPhie does not assert error in the admission of the stolen cassette recorder itself, but argues that the price tag attached to the recorder was hearsay and thus inadmissible. The recorder, together with its price tag, was admitted on the basis of the testimony of a management employee, who testified to the authenticity of the tag and that from the price tag code he could determine that the store had paid $119.43 for the item. He said that, on the basis of his expertise, he approximated the market value of the article to be that printed on the tag, $179.97.

The price tag meets the test of relevance under *Marlar, supra,* in that it, along with the verbal testimony, establishes the value of the stolen item, which is an essential element of the grand larceny charge. *See* I.C. §§ 18–4601 and –4604 (repealed 1981), defining grand larceny as the felonious taking of property valued at more than $150.

In *Isaacson v. Obendorf,* 99 Idaho 304, 309, 581 P.2d 350, 355 (1978), this Court adopted the following definition of hearsay:

> "Hearsay evidence is defined as follows in McCormick on Evidence § 246 (E. Cleary ed. 1972): 'Hearsay evidence is

testimony in court, or *written evidence,* of a statement made out of court, the statement being offered as an assertion of the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' *See also* 5 Wigmore, Evidence § 1361 (Chadbourn rev. 1974); Bell, Handbook of Evidence for the Idaho Lawyer 126 (2d ed. 1972)." (Emphasis added.)

In the instant case the expert testimony concerning the value of the recorder depended largely upon the content of the writing on the price tag and hence the price tag must be considered hearsay. Even accepting the hearsay character of the price tag admitted in evidence, we hold nevertheless that the price tag falls within the business records exception to the hearsay rule as stated in I.C. § 9–414:

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

In *Curial v. Mingo,* 100 Idaho 303, 597 P.2d 26 (1979), we held that business records, although hearsay, are admissible if the trial court is satisfied that the manner in which they were kept assures dependability and confidence, and we further held that the trial court's broad discretion would not be disturbed absent abuse thereof.

The case of *Lauder v. State,* 233 Md. 142, 195 A.2d 610 (Md.1963), presented facts remarkably similar to those of the instant case. Lauder was charged with grand larceny for stealing a tape recorder bearing a price tag of $199.95, and the trial court had allowed the introduction of price tag evidence under the business records exception to the hearsay rule. The appellate court rejected Lauder's hearsay objection to the admission of the price tag, stating:

"The State had the burden of showing that the article taken had a value of $100.00 or more, under the count for grand larceny ... [Citations.] The test is market value, and particularly retail value. [Citations.] A price tag is a written representation of the price at which the owner offers to sell the article in question. We think it falls squarely within the scope of Code (1957), Art. 35, sec. 59, as a document prepared or entry made in the regular course of business. We have held that section to apply to a wide variety of documents. [Citations.] The rule applies in criminal as well as civil cases. [Citations.] ... We find no error in the admission of the tag in the case at bar." *Lauder v. State, supra,* 195 A.2d at 611.

In the instant case the evidence indicated that price tags are writings made by Payless store employees in the ordinary course of business and that this price tag was authentic and accurate, and the trial court was clearly satisfied that the necessity and trustworthiness of the tag had been established. The principal purpose underlying the policy behind the hearsay rule is to assure that testimony of assertions shall be subjected to cross-examination. *Isaacson v. Obendorf,* 99 Idaho 304, 581 P.2d 350 (1978). We hold such purpose to have been fulfilled in the instant case, since that person responsible for the pricing of inventory of the store was on the stand and available for cross-examination. We hold the admission of the price tag was not error. *See generally, State v. White,* 37 Conn.Sup. 796, 437 A.2d 145 (Conn.Super.1981) (holding price tags *per se* admissible and not hearsay); *State v. King,* 164 N.J.Super. 330, 396 A.2d 354 (N.J.Super.1978) (price tag alone sufficiently proves value); *State v. Coleman,* 19 Wash.App. 549, 576 P.2d 925 (Wash.1978) (price tag admissible with proper foundation if corroborated by witness qualified to testify as to market value of item); *State v. Milano,* 94 N.J.Super. 337, 228 A.2d 347 (N.J.Super.1967) (price tag is admissible evidence of value).

McPhie finally asserts error in a bare allegation, without substantiation, that the twelve year indeterminate sentence was unduly harsh, "considering the totality of the facts and circumstances as contained in his presentence report and in the record of the sentencing hearing." Although neither the presentence report nor the sentencing transcript is part of the record here, the clerk's transcript indicates prior convictions of burglary, grand larceny, drug selling and drug distributing, repeated parole violations and charges without disposition of shoplifting, larceny and burglary.

■■ Sentencing is a discretionary function of the trial judge and will not be overturned absent a showing of abuse. *State v. Olsen,* 103 Idaho 278, 647 P.2d 734 (1982); *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Stroup,* 101 Idaho 54, 607 P.2d 1328 (1980). The defendant carries the burden of demonstrating such abuse of discretion. *State v. Delin, supra; State v. Bartholomew,* 102 Idaho 106, 625 P.2d 1109 (1981); *State v. Birrueta,* 101 Idaho 915, 623 P.2d 1292 (1981); *State v. Stroup, supra.* Here, the twelve year indeterminate sentence was well within the limits of I.C. § 19–2514, Idaho's recidivist statute, and did not constitute an abuse of discretion.

The convictions and sentence are affirmed.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring.

Although I have concurred in affirming, I entertain slightly different views than those therein set forth. On the issue of admitting the posed photograph, the key words in the Court's language in *State v. Oldham,* 92 Idaho 124, 130, 438 P.2d 275, 281 (1968), are "sufficient . . . to require reversal." In that case, the Court made it clear that "unless rigid necessity therefor is shown, posed pictures should not be admitted which pictures simply portray a scene arranged to support a contention advanced by the profferor." *Id.* Trial courts strictly adhering to that postulate can reasonably expect to reduce the possibility of error which, either alone or coupled with other error, may require reversal. Evidence, though perhaps relevant, is not for that reason alone per se admissible.

As to the price tag issue, as a matter of plain logic, it seems almost self-evident that a price tag attached to merchandise is indicative of the value placed thereon by the owner, and a warning to a potential purloiner of its declared value. I would not adopt the view that its admissibility can be upheld upon the basis of our opinion in *Curiel v. Mingo,* 100 Idaho 303, 597 P.2d 26 (1979), a decision in a civil controversy in which I dissented. Nor would I vote to uphold the introduction of the price tag on the basis of the Court's opinion in *State v. White,* 102 Idaho 924, 644 P.2d 318 (1982), a criminal case wherein the Court affirmed utilizing the business records exception to the hearsay rule (I.C. § 9–414)—also a case in which I was compelled to file a dissenting opinion.