772 P.2d 226

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael J. LOOMIS, Defendant–Appellant.**

**Nos. 17455, 17456.**

Supreme Court of Idaho.

April 18, 1989.

Alan E. Trimming, Ada County Public Defender, Mark F. Stewart, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for respondent.

SHEPARD, Chief Justice.

These are consolidated appeals in which the sole issue raised is the length of the sentences. We affirm.

Defendant Loomis was charged, and following a jury trial was convicted in Case No. 17456 of the crimes of burglary, grand theft, and being a persistent violator of the law. Thereafter, District Judge Schroeder sentenced Loomis to the State Board of Corrections for a term of twenty years, with a mandatory minimum sentence of nine years. The sentences were the same on each count, and the sentences on each count were to run concurrently with each other, and with any other sentence that the defendant might be then currently serving.

In Case No. 17455 Loomis was charged, and after jury trial was found guilty of petit theft, grand theft, and two counts of burglary. He was also charged and convicted of being a persistent violator. Thereafter, District Judge Bail imposed a sentence of a total term not to exceed twenty years, with a minimum fixed period of confinement of nine years on each count. Each count was adjudged to be concurrent with the other counts, and also concurrent to the sentence imposed by Judge Schroeder earlier that same day.

As above noted, the sole issue presented is whether the sentences imposed constituted an abuse of discretion by the sentencing judges. The sentences imposed by Judge Bail were substantially similar to the sentences imposed by Judge Schroeder earlier that same day, and were to run concurrently with the sentences imposed by Judge Schroeder. Hence, we only examine the propriety of the sentence imposed by Judge Schroeder.

■ The imposition of a sentence within statutory limits is a function of the discretion of the trial judge, and that discretion will not be disturbed absent an indication of clear abuse of discretion. *State v. Major*, 105 Idaho 4, 665 P.2d 703 (1983); *State v. McPhie*, 104 Idaho 652, 662 P.2d 233 (1983); *State v. Couch*, 103 Idaho 496, 650 P.2d 638 (1982). The defendant has the burden of demonstrating such an abuse of discretion. *State v. McPhie. Id.*, 104 Idaho at 656, 662 P.2d at 237.

■ At the time of the instant offenses, Loomis had been paroled in February of 1987 from prior convictions of burglaries. The offenses in the instant case were committed in June 1987.

It is clear that both Judge Schroeder and later Judge Bail reviewed Loomis' criminal record prior to imposing sentence upon him. Although at the time of sentencing Loomis was only twenty-four-years-old, he had previously been sentenced to the penitentiary for similar crimes, and was on parole therefrom at the time of the commission of the instant crimes. While a juvenile, Loomis had been charged with twenty-three thefts or burglaries, and convicted of at least ten burglaries. During the sentencing hearing Judge Schroeder stated:

> The presentence information submitted in a more broad sense indicates that you are a persistent violator of the law. It appears that you have established a long serious history of criminal conduct, both as a juvenile and as an adult; that there doesn't seem to be anything that has worked in terms of changing that type of conduct. Rehabilitation in this case is unlikely. I think that the primary emphasis of the sentence in this case must be in other areas.

The sentence imposed by Judge Schroeder was well within his discretion. The substantial previous criminal record of Loomis, together with his previous incarceration as a juvenile at St. Anthony, and as an adult in the penitentiary, demonstrate the bleak outlook for rehabilitation, and the elimination of any possibility of

probation. As noted, the sentences imposed by Judge Schroeder are to run concurrent with one another, and concurrent with the previous sentence that Loomis is presently serving.

The judgments of conviction in the various sentences imposed on all counts by both district judges are affirmed.

BAKES, BISTLINE, HUNTLEY and JOHNSON, JJ. concur.