813 P.2d 923

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry LeRoy HOLTON, Defendant–Appellant.**

No. 18498.

Court of Appeals of Idaho.

July 2, 1991.

M. Lynn Dunlap, Jerome County Public Defender, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Jerry LeRoy Holton pled guilty to one count of felony escape, I.C. § 18–2505, with

a persistent violator enhancement, I.C. § 19–2514. The district court imposed a unified sentence of thirteen years in the custody of the Board of Correction with a three year minimum period of confinement. The only issue in this appeal is whether his sentence is excessive. For the reasons stated below, we affirm.

The events leading to this appeal began on October 27, 1986, when Holton pled guilty to two counts of grand theft, and two other counts of grand theft were dismissed pursuant to a plea agreement. The district court imposed two concurrent ten-year sentences which then were suspended, and Holton was placed on probation for three years. He went to Georgia, where he was convicted on an auto burglary charge and sentenced to five years in the Georgia State Penitentiary. Approximately six months later, that sentence was commuted, and he was released without parole. Later, the district court in Idaho revoked his probation, requiring that he serve the originally suspended sentence on the Idaho grand theft charges. However, the district court retained jurisdiction over him for 180 days and, on March 8, 1988, placed him on probation for two years.

Within six months, Holton absconded again and later was extradited from Nevada, where he had been arrested and charged with possession of a stolen vehicle. In November, 1988, the district court in Idaho again revoked his probation and ordered execution of the original sentence. On December 13, 1988, while in custody on that sentence, Holton escaped from the Jerome County Jail. On April 20, 1989, he was charged with ten counts of burglary in San Diego County, California. Those charges were dropped when Holton was extradited to Idaho on July 1, 1989, to face the felony escape charge to which he later pled guilty.

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the district judge imposed a thirteen-year sentence for the escape, with a three-year minimum period of confinement. On appeal, we will consider three years as the probable measure of confinement for the purpose of reviewing the sentence. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). We are unable to speculate as to any period of confinement beyond the determinate period, because the Commission on Pardons and Parole is vested with the discretion to grant or deny parole at any time during the remaining, or indeterminate, period of the sentence. I.C. § 19–2513; *State v. Bartlett*, 118 Idaho 722, 724, 800 P.2d 118, 120 (Ct.App.1990).

The maximum sentence for felony escape is imprisonment in the state prison for a period of up to five years, or a fine not exceeding $5,000, or both, I.C. § 18–112, and the sentence must be served consecutive to the sentence on the underlying felony. I.C. § 18–2505; *State v. Thomas*, 98 Idaho 623, 624, 570 P.2d 860, 861 (1977); *State v. Mendenhall*, 106 Idaho 388, 393, 679 P.2d 665, 670 (Ct.App.1984). In addition, a person who has been convicted of three felonies may be found to be a persistent violator of the law and consequently may be sentenced to life in prison. I.C. § 19–2514.

█ A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The defendant has the burden of demonstrating such abuse of discretion. *McPhie*, 104 Idaho at 656, 662 P.2d at 237.

█ The reasonableness of a sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App.1982). A sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and that it meets any or all of the related goals of deterrence, rehabilitation, or retribution.

**114**

*State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *Id.*

 Holton argues that his sentence is excessive because he was not found guilty of a violent crime and because, as the county sheriff testified at the sentencing hearing, Holton's conduct had improved greatly while he was in custody in the Jerome County Jail after his extradition from California on the escape charge. Prior to imposing sentence, the district court commented on the need to protect society and noted that twice previously Holton had been placed on probation, that Holton absconded both times, and that no restitution had been paid to the victims of the grand thefts. The court also noted that methods of rehabilitation other than a term of incarceration in the state penitentiary had been unsuccessful. We conclude that the district court did not abuse its sentencing discretion.

The judgment of conviction, including the sentence imposed, is affirmed.