816 P.2d 371

STATE of Idaho, Plaintiff–Respondent,

v.

Larry Matthew HOAK, Defendant–Appellant.

No. 18958.

Court of Appeals of Idaho.

Aug. 30, 1991.

**416**

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

Larry Matthew Hoak pled guilty to felony possession of a controlled substance without a prescription, I.C. § 37–2732, and to misdemeanor operating a motor vehicle while under the influence of alcohol and/or drugs, I.C. § 18–8004. The district court imposed a unified sentence of three years in the custody of the Board of Correction with a two-year minimum period of confinement. The district court dismissed the misdemeanor driving charge on its own motion. The issue on appeal is limited to whether the sentence is excessive. The court also denied a Rule 35 motion, but no appeal was taken from the denial. For the reasons stated below, we affirm.

Hoak was stopped by a police officer after he drove westbound in the eastbound lane of Chinden Boulevard in Boise. The officer determined that Hoak was intoxicated. He searched Hoak's car and found a bottle of methadone pills. After the officer discovered that Hoak did not have a valid driver's license nor proof of insurance, he arrested Hoak. Once inside the police car, Hoak started kicking the car's windows. The officer restrained Hoak, and later took him to a hospital, where his blood alcohol content was determined to be .20.

■ The district court sentenced Hoak in accordance with the Unified Sentencing Act, I.C. § 19–2513, to an aggregate three-year sentence, with the first two years determinate. On appeal, we consider two years as the probable measure of confinement for sentence review purposes. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989).

■ A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). This sentence is within the statutory maximum of three years. I.C. §§ 37–2707(c)(13) and 37–2732(c)(1).

A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The defendant has the burden of demonstrating such abuse of discretion. *McPhie,* 104 Idaho at 656, 662 P.2d at 237.

The reasonableness of a sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App.1982). A sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *Id.*

Hoak argues that the sentence imposed upon him is unreasonable because the district court ignored his need for alcohol rehabilitation, and that the district court considered only one of the sentencing goals, the protection of society, in determining the sentence.

In its sentencing comments, the district court referred to Hoak's extensive criminal background of five felonies and one misdemeanor, and emphasized the court's concern for the protection of society from the harm that could result from Hoak's conduct. The court did consider Hoak's drug and alcohol problem, agreeing that Hoak was a "victim of alcohol and drugs." Protection of society is a paramount concern in sentencing, and the court properly emphasized this aspect of sentencing. Although it does not appear from the record that the court failed to consider Hoak's need for drug and alcohol treatment, a failure to consider the need for such treatment will not require that a sentence be reversed on appeal. *See State v. Burroughs,* 107 Idaho 195, 196, 687 P.2d 585, 586 (Ct.App.1984). We conclude that the district court did not abuse its sentencing discretion.

The judgment of conviction, including the sentence imposed, is affirmed.