816 P.2d 1017

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Christopher CHAVEZ, Defendant–Appellant.**

**Nos. 19010 and 19011.**

Court of Appeals of Idaho.

Sept. 4, 1991.

Gregory A. Jones, Kootenai County Public Defender, Penny E. Friedlander, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

These consolidated appeals involve the review of sentences imposed in two different criminal proceedings. In case No. 19011, David Christopher Chavez pled guilty to a first degree burglary charge. The district court accepted the recommendation of the state and the defense, and sentenced Chavez to a term of five years, with two years fixed and three indeterminate, and retained jurisdiction for 120 days. The court later relinquished jurisdiction. In case No. 19010, Chavez was convicted following jury trial of the felonies of aggravated battery and first degree burglary, as well as the misdemeanor of exhibition or use of a deadly weapon. The district court sentenced the defendant to serve terms of four to eight years for aggravated battery, two to five years for first degree burglary, and a six-month jail term for exhibition or use of a deadly weapon, with all of the terms running concurrently with each other and with the sentence in the earlier burglary case. The court again retained jurisdiction. Following an extension of the 120-day period to 180 days, the court relinquished jurisdiction. It is from these sentences and the decision to relinquish jurisdiction that Chavez appeals. For the reasons given below, we affirm.

The burglary charge arose from the theft of two bicycles, with a value of over $1,000, from a bicycle shop in Coeur d'Alene. The charges in the second case resulted from Chavez' entering the home of his former girl friend, stabbing a man present in the home, and threatening another man with a knife.

On appeal we consider the fixed portion of these sentences as the probable measure of confinement for sentence review purposes. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). The longest fixed period of these various concurrent sentences is four years, which we will consider the probable measure of confinement.

A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The defendant has the burden of demonstrating such abuse of discretion. *McPhie*, 104 Idaho at 656, 662 P.2d at 237.

The reasonableness of a sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App.1982). A sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *Id.*

462

The decision whether to relinquish jurisdiction is also within the sound discretion of the district court, and will not be disturbed in the absence of a showing of an abuse of discretion. *State v. Hood,* 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee,* 117 Idaho 203, 206, 786 P.2d 594, 597 (Ct.App.1990).

Chavez argues that the district court abused its discretion in imposing the challenged sentences because Chavez had no record of violent offenses, and because the district court did not give adequate weight to Chavez' potential for rehabilitation. Chavez also argues that his sentences should be reduced and that he should be placed on parole.

The court's sentences reflect an appropriate consideration of the nature of the offenses, the character of the defendant, and sentencing objectives. The crimes were serious in nature: the burglary in the first case involved the nighttime breaking and entering of a store and the taking of valuable merchandise. The second case involved an act of violence resulting in serious injury, and a threat of serious injury to another person. The defendant's background included juvenile violations, and a probation for burglary and larceny. He also was convicted of petit theft, trespass, and driving without privileges. At the time of his conviction on the instant offenses, the defendant had not held any employment. The probation officer concluded that Chavez was not an appropriate candidate for probation.

Regarding the court's decision to relinquish jurisdiction, Chavez has not supplied any record from the North Idaho Correctional Institution which would support an assertion that the district court abused its discretion. The record demonstrates only that the district court followed the recommendation of correctional authorities that jurisdiction be dropped. An appellant bears the burden of supplying a record adequate to evaluate his claim of error. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The record on appeal in this case does not support a claim of error in the district court's decision to relinquish jurisdiction.

We conclude that the district court did not abuse its discretion in imposing Chavez' sentences and in relinquishing jurisdiction. Accordingly, the judgments of the district court, including the sentences imposed, are affirmed.